OTTIS COMPTON V. R. A. ELLIOTT.

No. 6422. Decided November 20, 1935.
(88 S. W., 2d Series, 91.)

*J. G. Harrell* and *Bryan H. Atchison,* both of Breckenridge, for appellant.

This suit coming within the ninth exception to Article 1995, R. S., 1925, the plea of privilege should have been overruled. Hubbard v. Lord, 59 Texas, 384; Leach v. Stone, 264 S. W., 620; Warwick v. First Natl. Bank of Temple, 296 S. W., 348.

Plaintiffs having, in his controverting affidavit, alleged a case of malicious prosecution and having sustained such allega-

tions with enough evidence to make a prima facie showing, it was error for the court to sustain the plea of privilege. Davis v. Teague, 256 S. W., 957; Ramsey v. Arrott, 64 Texas, 320; Sebastain v. Cheney, 86 Texas, 497, 25 S. W., 691.

*Homer T. Bouldin*, of Albany, for appellee.

Cited authorities used in the opinion.

MR. JUDGE SMEDLEY delivered the opinion of Commission of Appeals, Section B.

The certificate from the Court of Civil Appeals for the Eleventh Supreme Judicial District thus concisely and clearly states the nature of the cause and the question to be answered:

"Ottis Compton instituted this suit against R. A. Elliott in the District Court of Stephens County for damages alleged to have been suffered by him by reason of malicious prosecution charged to have been initiated or instituted by Elliott against Compton in Stephens County, where the plaintiff had been indicted, tried, and acquitted for the crime of cow theft. Defendant Elliott timely filed a statutory plea of privilege to be sued in Shackelford County, the county of his residence. A controverting plea was filed by Compton in which he sought to maintain the venue of the cause in Stephens County, where he alleged the crime of malicious prosecution had been initiated or instituted against him, under and by virtue of Exception 9 to the general venue statute, Art. 1995, which exception reads:

'Crime or trespass.—A suit based upon crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.'

"It will be observed that the instant case is one falling in that class wherein the facts relied on for venue in the county of the suit are also, in the main, the essential facts on which liability in the suit is predicated. There is no question about the sufficiency of the plaintiff's petition, the plea of privilege, or the controverting affidavit. The issues arising under the plea of privilege and controverting affidavit were tried before the court and the plea of privilege was sustained. Upon the trial both the plaintiff and the defendant introduced testimony on the issue of whether or not the defendant committed the crime of malicious prosecution in Stephens County. The evidence established beyond question that, if the defendant committed such offense, same was committed in Stephens County, but the issue was sharply con-

flicting as to whether such offense was committed at all. As said in our original opinion, the testimony in the record was sufficient to support either conclusion. Based upon such testimony the trial court found in favor of the defendant Elliott and changed the venue of the cause to Shackelford County.

"In this court's original opinion disposing of the case all members of the court were in accord in their views and affirmed the judgment of the trial court. On motion for rehearing the points presented by the appellant were again considered and the authorities re-examined, with the result that two members of the court are still of the opinion that the judgment of the trial court ought to be affirmed, while the other member dissented from such view. The majority overruled the motion for rehearing by an opinion giving additional reasons for so doing. Our original opinion, together with the opinion of the majority on rehearing and the dissenting opinion on rehearing will be found in 55 S. W. (2d) 247.

"After the motion for rehearing was overruled the appellant filed in this court a motion that our judgment overruling his motion for rehearing be set aside, and that certain questions involved in the appeal, and upon which the same is predicated, be certified to your court. After due consideration we have concluded that this motion should be granted, and accordingly our judgment overruling appellant's motion for rehearing has been set aside and said motion for rehearing is now pending before this court.

"No member of the court agrees with appellant's views, but in order that his views as well as the divergent views of the members of this court be called to the attention of your court, we certify the following three questions and respectfully request answers thereto:

"(1) The evidence being conflicting upon the issue of whether or not defendant committed the crime of malicious prosecution against the plaintiff in Stephens County, and the trial court having found, upon sufficient evidence, that no such crime was committed, did this court err in affirming the judgment of the trial court?

"(2) The plaintiff having made at least a prima facie showing that the defendant committed the crime of malicious prosecution against him in Stephens County, should this court have disregarded the defendant's testimony, reversed the judgment and remanded the cause for trial on its merits to the District Court of Stephens County?

"(3) Under the facts as above detailed, was the burden

which the law imposes upon the plaintiff to prove the fact or facts to show that the case was within the exception to the general rule of venue, discharged by assuming, without proving, that the crime was committed, and proving by a preponderance of the evidence that, if so, then it was committed in Stephens County?"

Answers to the questions presented depend upon the determination of the quantum of proof required and the nature of the hearing to be had, when the defendant files a plea of privilege in statutory form to be sued in the county of his residence and the plaintiff files a controverting plea, seeking to maintain venue in the county where the cause is pending by alleging facts showing that the suit is based upon a crime, offense or trespass committed in such county.

Article 1995, Revised Civil Statutes of 1925, announces the rule that an inhabitant of the state shall not be sued out of the county of his domicile and then makes thirty-two exceptions to the rule. Article 2007 prescribes the form of a plea of privilege to be sued in the county of one's residence, and gives to such plea when filed the force and effect of prima facie proof of the defendant's right to change of venue, requiring the plaintiff, if he desires to controvert the plea of privilege, to file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Article 2008 provides for a hearing by the court of the plea of privilege and the entry of judgment thereon, and gives to either party the right to appeal from the judgment sustaining or overruling the plea of privilege.

The substance of these familiar articles of the statutes has been stated to emphasize their several most important features: the general rule that one shall not be sued outside the county of his domicile; giving to the statutory plea the effect of prima facie proof of the right to change the venue; requiring the plaintiff to plead specifically the venue fact or facts upon which he relies; providing for a hearing by the court; giving the right of appeal.

■ It is well settled that "with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff." Coalson v. Holmes, 111 Texas, 502, 510, 240 S. W., 896; Hilliard Bros. v. Wilson, 76 Texas, 180, 13 S. W., 25; World

Company v. Dow, 116 Texas, 146, 287 S. W., 241; Benson v. Jones, 117 Texas, 68, 296 S. W., 865; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Texas, 124, 298 S. W., 550; Duffy v. Cole Petroleum Co., 117 Texas, 387, 5 S. W. (2d) 495; Johnson v. Dallas Cooperage & Woodware Co., 120 Texas, 27, 34 S. W. (2d) 845; Berry v. Pierce Petroleum Corporation, 120 Texas, 452, 39 S. W. (2d) 824.

Some of the decisions last cited announce the same rule as that quoted, but more exactly, by stating that the plaintiff, to defeat the plea of privilege, must both plead and prove the *facts* relied upon to bring the case within one of the exceptions. Obviously, the facts so referred to are the "facts relied upon to confer venue of such cause on the court where the cause is pending," required by Article 2007 to be set out specifically in plaintiff's controverting plea. Such facts we shall for convenience designate "venue facts."

The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of Article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition. Here the plaintiff sued the defendant for damages for malicious prosecution, which is made an offense by Article 1298 of the Penal Code. He invoked exception 9 of Article 1995, his suit being based upon a crime or offense. This exception provides that such suit "may be brought in the county where such crime, offense or trespass was committed." The venue facts, therefore, which plaintiff is required to plead and prove are that the crime or offense alleged was committed and that it was committed in the country where the suit is pending. The substance of this exception of Article 1995 is that venue may not be maintained in a county not the domicile of the defendant unless the crime, offense or trespass upon which the suit is based was committed in such county. Proof of the fact of the commission of the crime, offense or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense, or trespass is under the terms of this exception a part of the venue facts.

The construction which we place upon exception 9 is supported by Coalson v. Holmes, 111 Texas, 502, 240 S. W., 896, where the plaintiff sought to maintain venue in another county than that in which the defendant resided by alleging

and proving under exception 7 a fraud committed in such county. It is apparent from Justice Greenwood's opinion, especially when it is read in connection with the opinion of the Court of Civil Appeals (178 S. W., 628), that the court held that the plea of privilege should have been sustained by the trial court because the plaintiff failed to prove the essential elements of fraud. It was held in effect that because the plaintiff did not prove the essential elements of fraud, he had not proven the fact that a fraud was committed. The language of exception 7 is similar to that of exception 9, in that it makes the fact of the commission of fraud a part of the venue facts. It is also held in Benson v. Jones, 117 Texas, 68, 71, 296 S. W., 865, that a plaintiff, who relies on exception 7 for venue, fails to discharge the burden resting upon him when he does not prove an essential element of fraud, the falsity of the representations alleged to have been made.

The same principle controls, at least in part, the decisions construing exception 5, which hold that "a sworn plea of privilege, without further pleading, operates as a sworn denial of the execution by the party urging the plea, or by his authority, of a written instrument relied upon by contestant to bring the case under the exception, and casts upon him the burden of proving, by extrinsic evidence, the execution of the alleged instrument." Pavlidis v. Bishop & Babcock Sales Co., 41 S. W. (2d) 294, 295. See also: Johnson v. Dallas Cooperage & Woodware Co., 120 Texas, 27, 34 S. W. (2d) 845; Berry v. Pierce Petroleum Corporation, 120 Texas, 452, 39 S. W. (2d) 824. The plaintiff is required to prove the execution of the written contract by the defendant or by his authority, because exception 5 makes the execution of the contract a part of the venue facts. It provides that suit may be brought in the county "if a person has contracted in writing to perform an obligation in a particular county." He has not so contracted in writing if the written contract was not executed by him or by his authority.

Farmers' Seed & Gin Co., Inc., v, Brooks (Com. App.), 125 Texas, 234, 81 S. W. (2d) 675, holding that the language of exception 5 makes the venue issue whether the defendant contracted in writing to perform the obligation in the particular county, is in line with the decisions last above cited. The issue thus stated involves both the execution of the contract and the place of its performance. In that case the execution of the written contract was proven or conceded, and the question certified was: "Was it incumbent upon the plaintiff,

not only to prove such written contract, but also to prove a breach thereof in order to sustain venue under said exception?"

The conslusion, that the fact of the commission of the crime or offense is a part of the venue facts to be proven by the plaintiff, answers in the negative the third question certified. That question presents the position, taken in the dissenting opinion filed by Judge Funderburk in the Court of Civil Appeals, that on the hearing of the plea of privilege it is sufficient for the plaintiff to prove that, if the alleged crime, offense or trespass was committed, the same was committed in the county where the suit was brought. Such construction assumes, for the purpose of the hearing, the existence of the important venue fact, the commission of the crime, offense or trespass. That fact cannot be so assumed, because exception 9 fixes the venue of a suit of this character as being either in the county of the defendant's domicile, or in the county *where the crime, offense or trespass was committed,* meaning clearly, we think, where it was *in fact* committed. If, as held in Coalson v. Holmes and Benson v. Jones, hereinbefore discussed, the fact of fraud cannot be assumed but must be proven by the plaintiff when he relies upon exception 7 for venue, then certainly the fact of crime, offense or trespass cannot be assumed when the plaintiff relies upon exception 9.

By the second question certified is presented appellant's contention that the plea of privilege should have been overruled, because on the hearing he discharged the burden of proof resting upon him, when he introduced evidence which or offense of malicious prosecution and that the crime or offense was committed in the county where the suit was filed. His position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner but merely to introduce enough evidence to prove them prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded.

This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. As has been shown, Article 2007 is construed to have the effect of placing upon the plaintiff the burden of proving the facts relied upon by him to bring the case within the exception. The decisions of the Supreme Court, which have been cited above, announce this rule without qualification. In so doing, they carry the reasonable, if not the necessary, implication

that plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence.

The opinion in Johnson v. Dallas Cooperage & Woodware Co., 120 Texas, 27, 33, 34 S. W. (2d) 845, quotes with apparent approval from Judge Looney's opinion in Citizens State Bank v. Alexander, 274 S. W., 184, in which he says, correctly we think, that the allegations of the plaintiff's contesting plea must be proven *as the allegations of any other plea*. Judge Gallagher, writing the opinion in Fagg v. Benners, 47 S. W. (2d) 872, 874, said: "Appellant's plea of privilege merely placed upon Appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit *by a preponderance of the evidence*, which means the greater degree and weight of credible testimony." (Our italics.)

■ We find nothing in Article 2008, which provides that the court shall hear the plea of privilege and enter judgment thereon and that either party may appeal from the judgment, to suggest that anything less is required of the plaintiff in establishing his venue facts than is required of any other litigant who in a hearing or trial has the burden of proving a fact. On the contrary, the unqualified provisions for hearing, judgment, and appeal seem to contemplate that the issue made be heard in the ordinary way and that the truth as to the facts in issue be ascertained by the introduction and weighing of evidence offered by both parties. A hearing, in which one party's evidence is accepted as true and the evidence of the other party excluded or disregarded, or in which the party having the burden is required to establish only the probable truth of what he alleges, is not a hearing in a true sense.

"The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts." Hilliard Bros. v. Wilson, 76 Texas, 180, 184, 13 S. W., 25. The purpose of the hearing is to determine whether such fact or facts in truth exist, and the truth as to their existence or nonexistence is not even approximated by a hearing in which the evidence of only one of the parties is admitted or considered.

It is true that this construction of the statute means that the issue as to the commission of the crime or offense may be

twice tried, once in the hearing of the plea of privilege and once in the trial on the merits, with added expense and delay and sometimes with inconsistent results. But proof of the venue facts is the price which the plaintiff pays for the benefits which he expects to derive from the exception. He may avoid the hardship of twice proving that the crime or offense was committed by filing his suit in the county of the defendant's residence. It is better to put the parties to the inconvenience of two trials of the issue than to deprive the defendant of the valuable privilege of making his defense on the merits in the county of his residence, when the facts to bring the case within the exception do not actually exist. Furthermore, under most of the exceptions in Article 1995, the venue facts do not go in any great extent to the merits of the case.

█ Since Article 2008 authorizes appeal from the judgment sustaining or overruling the plea of privilege and contains nothing to indicate that the review by the appellate court shall be in any respect different from its review of any other case, the power of the Court of Civil Appeals in reviewing the fact finding of the trial court is the same as it is in any other appealed case. The certificate states that in this case the evidence on the issue as to the commission of the offense was sharply conflicting and was sufficient to support the trial court's finding in favor of the defendant. Such being the record, the finding of the trial court should not be disturbed. 3 Texas Jur., pp. 1093-1099, 1102-1103, Secs. 767-769, 770.

Each of the three question certified is answered, No. In so answering them, we hold:

(1) The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception in Article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition.

(2) The venue facts which a plaintiff is required to plead and prove under exception 9 are that the crime, offense or trespass was in fact committed and that it was committed in the county where the suit is pending.

(3) On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties.

(4) On appeal from a judgment sustaining or overruling a plea of privilege, the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case.

Opinion adopted by Supreme Court November 20, 1935.