ment there in pursuance of an agreement of the parties to compromise and settle the litigation.

We conclude that the better practice is to reverse and remand, as prayed for, and that will be done, at the cost of appellant.

It is so ordered.

## MARYLAND CASUALTY CO. v. BRAKE-BILL.

### No. 10703.

Court of Civil Appeals of Texas. San Antonio.

July 5, 1939.

Kerr & Gayer, of San Angelo, and G. A. Wynn, of Sonora, for appellant.

John C. Patterson, of Mexia, and C. S. Farmer, of Waco, for appellee.

SMITH, Chief Justice.

In this case the parties have filed their joint motion to advance submission and reform and affirm the judgment for a specific amount, or, in the alternative, to reverse the judgment and remand the cause to the trial court for the purpose of entering judg-

## NATIONAL HOTEL CO. v. MILES et al.

### No. 3876.

Court of Civil Appeals of Texas. El Paso.

May 25, 1939.

Frank S. Anderson, of Galveston, and Angus G. Wynne, Henry H. Harbour, and Wynne & Wynne, all of Longview, for appellant.

Slay & Simon and Gerald W. Greathouse, all of Fort Worth, and Hurst, Leak & Burke, of Longview, for appellee.

WATTHALL, Justice.

This case presents an appeal from an order of the District Court of Gregg County overruling plea of privilege filed by appellant, a domestic corporation, to be sued in Galveston County, in which its principal office is situated.

Appellee is a feme sole. In her first amended original petition appellee sues the Texas Hotel Company of Longview, Gregg County, Texas, a corporation alleged to be organized for the purpose of operating the Hotel Longview, in Longview, Gregg County, Texas, and on the 29th day of March, 1934, and at all times material to the matters complained of, was the apparent owner, proprietor and operator of Hotel Longview; but in truth and in fact, Hotel Longview was owned and operated by appellant, the National Hotel Company, acting through the agency or by the use of the name Texas Hotel Company of Longview.

Appellee alleged that by reason of appellant being the absolute and sole owner and operator of Hotel Longview, or by reason of its joint interest in its operation, appellant was directly chargeable with the alleged acts of negligence causing appellee's injury and loss complained of.

Upon the basis of the above alleged facts appellant was made a party defendant to appellee's suit in Gregg County with the Texas Hotel Company of Longview.

In her suit appellee alleges in substance, in addition to and in connection with the above, that on March 29, 1934, the defendant Texas Hotel Company of Longview, in the regular course of business and operation of Hotel Longview, received appellee and entertained her and Miss Mary Warters as guests for hire in their said hotel; that on the night of the date mentioned appellee and Miss Mary Warters occupied a room on the third floor of said hotel, all of which was known to defendants, their agents, servants and employees.

Appellee alleges that about 11:20 o'clock on the night of the date above stated, a fire broke out on the first floor of said hotel, which fact was immediately known to defendants' hotel night-clerk and other employees, but was unknown to appellee or to Miss Mary Warters who had retired and were asleep. Appellee alleges in much detail the size of the hotel building, the number of its rooms, its interior construction of pine and other highly inflammable material; its lack of elevators and stairways, its storage of trash and rubbish swept off the floor, sweeping compounds, brooms, dust pans, oily mops and dust rags kept and stored and all highly inflammable; defendants' failure to give appellee and Miss Warters timely warning to escape from the building with the means stated at hand before the entire building was ablaze. Appellee alleges that her escape from the building and that of Miss Warters were effected through the aid of the fire department.

Appellee assigns some eight acts of negligence, substantially to the effect: Failure to arouse her and Miss Warters; the holding out to guests for hire the hotel building constructed of highly inflammable material as alleged; failure to furnish appellee as a guest for hire a structure

reasonably fit for comfort and safety; failure to furnish adequate, proper and necessary precautions against fire, specifying same; maintaining and storing dangerous and inflammable material in a wooden closet in the building; maintaining a disconnected and useless fire hose in the hotel building; failure to instruct their employees in the proper use of fire alarms and extinguishers; failure to provide sufficient and competent employees in the management and conduct of said hotel.

Appellee alleges that she is an elderly woman, a teacher in the schools of Cass County, Texas, and that as a result of the matters complained of she has suffered intense physical pain from scalds, burns, nervous shock, has been unable to proceed with her teaching for many days, has continued to suffer from shock and nervousness as a result of the matters complained of, and that by reason thereof she has been damaged in the sum stated; further alleges that she, and Miss Warters were possessed of personal effects and baggage, which she itemizes and states the value of each item; that she is the owner by assignment and transfer of the claim of Miss Mary Warters for the damage she has sustained, stating same; she alleges demand and refusal to pay.

Under the above state of facts appellant, National Hotel Company, as stated, filed and presented to the court its duly verified plea of privilege to be sued in Galveston County, stating in its plea as ground for its plea that it was not at the institution of such suit, nor at the time of the service of process thereon, nor at the time of the filing of such plea, a resident of Gregg County, Texas, but that the county of the residence or domicile of defendant at all such times was and is Galveston County, Texas; that no exception to exclusive venue in the county of one's residence provided by law exists in said cause, and prayed that the plea be sustained.

Appellee, as plaintiff, in due time filed and presented her controverting affidavit and plea to the above plea of privilege, and represented and stated therein, in substance, to the effect: that this suit is pending under and by virtue of the allegations contained in her first amended original petition filed in this cause, and plaintiff here and now refers to her amended petition and incorporates same herein and adopts it as a part of this controvert-

ing plea as fully as if set forth in haec verba, and says that all of such allegations are true and correct; that still insisting upon all matters alleged in her amended petition, and without intending to waive the incorporation of said pleading in this controverting plea by reference, plaintiff would further show the court: Plaintiff then alleges substantially and to the effect and in detail the matters hereinabove stated as happening on March 29, 1934; that plaintiff was a guest for hire in the Hotel Longview, the occurrence of the fire, the destruction of the hotel by fire, their escape from the building and the manner and means by which they were removed from the burning hotel building; her injuries and loss of her property; states the several acts of negligence assigned. Appellee in her contesting affidavit restates the ownership and the operation of Hotel Longview to be in appellant and that the Texas Hotel Company of Longview is merely a dummy corporation controlled and operated by appellant.

Appellee alleges that defendant Texas Hotel Company of Longview is a corporation domiciled in Longview, Gregg County, and that by reason of the facts the venue of the suit as to appellant is in Gregg County under the provisions of Article 1995, section 4, section 23, R.C.S., 1925, and section 29a, Vernon's Ann.Civ.St.

The trial court heard the evidence on the plea of privilege, overruled the plea, and appellant appeals.

### Opinion.

By filing its plea of privilege appellant established a prima facie right to have the case transferred to the District Court of Galveston County. Article 2007, R.C.S., 1925.

To defeat that right, the venue having been challenged by a proper plea, the burden is upon appellee to allege and prove that the suit is within one or more of the exceptions to the statutes, Article 1995, R.C.S., which provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except as provided by the statute. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, and the cases there referred to by Judge Smedley.

The controlling question presented here is whether the appellee has proved by a preponderance of the evidence the exis-

tence of such facts as are necessary to bring this case within one or more of the exceptions to the exclusive venue statute. In Coalson v. Holmes, 111 Tex. 502, 240 S.W. 869, it is announced that, with the venue challenged under proper plea, the burden to allege and prove that the case is within one or more of the exceptions to the venue statute is upon the plaintiff (appellee here), that is, as said in the case of Compton v. Elliott, supra [126 Tex. 232, 88 S.W.2d 93]: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." The character of suit alleged in appellee's petition is that of trespass, affirmative wrongful and negligent acts of the defendants causing injury to plaintiff's person and loss to appellee's property.

Conceding that the petition sufficiently states a cause of action in order to invoke either or both of the exceptions for the purpose of venue, the only question we think to discuss in this connection is the proof—such fact or facts as will place the case under either exception pleaded.

In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, by the Commission of Appeals, it is definitely settled that in order to bring the case within Section 4, Article 1995, R.C.S., there must be affirmative proof of the residence of one of the defendants in the county where the suit is pending—such proof is not made by the introduction of the allegation of the controverting affidavit. The court may look to the petition to determine the nature of the suit, but the petition, whether incorporated in the controverting affidavit or not, is not proof of the facts necessary to be shown. It is not required that proof establish a cause of action against the non-resident defendant, but a prima facie cause of action must be shown against the resident defendant. We have not found in the evidence that the resident defendant, Texas Hotel Company of Longview, operated Hotel Longview at the time of the fire, as alleged, nor that the employees complained of as incompetent were incompetent or were employees of the Texas Hotel Company. Nor have we found in the evidence

a number of the facts alleged which, if proved, would tend to show the negligence alleged or the trespass. The only witness who testified on the hearing of the plea was appellee. She sufficiently testified to her personal injuries and her loss. She entered the hotel about 10 o'clock at night, and the fire occurred about 11:30 o'clock the same night. She saw no fire escape, saw no fire extinguisher, heard no phone ringing or knocking at her door to awaken her, or calling of guests and warning them of the fire. There is no evidence that there was no fire escape or fire extinguisher. Appellee was enabled to escape from the hotel by the aid of the fire department. We have not found in the evidence any loss of any of the items pleaded, nor any value stated of any of the items alleged to have been lost, nor the value stated of injury or damage sustained; nor is there evidence of the assignment to appellee of the claim of loss of Miss Warters, or its value.

The charter of the Texas Hotel Company of Longview shows its incorporation in 1931, the purpose for which it was formed being: "Establish, maintain, erect or repair a hotel," the place where its business "is to be transacted is at Longview," and may also be at Galveston; its three directors are named, all of Galveston.

Appellee also offered in evidence the charter of defendant, the National Hotel Company, organized in 1933. The purpose for which it is formed is stated to be: "To subscribe for, purchase, invest in, hold, own, assign, pledge and otherwise deal in and dispose of shares of capital stock, bonds, mortgages, debentures, notes and other securities, obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business." Its place of business is stated to be at Galveston, Texas. Much else is said as to its capital stock which we think is immaterial in this proceeding, and we do not state. Many other exhibits were introduced showing correspondence and other matters, all of which we have read and considered, but do not state inasmuch as it is not required in this proceeding that appellee prove a cause of action against the appellant.

What is said above as to the evidence applies also to appellee's reference to Section 23 of the venue statute.

We have concluded that the evidence in the record does not show a cause of action against the resident defendant, and for that reason the trial court was in error in overruling the plea of privilege.

The case is reversed and remanded with instructions.