## THOMPSON v. COTTON.

### No. 2408.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1943.

Rehearing Denied Oct. 22, 1943.

L. D. Hawkins, of Breckenridge, for appellant.

Thomas L. Blanton, of Albany, for appellee.

FUNDERBURK, Justice.

In this suit by Vance Cotton against Si Thompson to recover damages to an automobile resulting from a collision between said automobile owned, and being driven by, defendant, and a truck owned by plaintiff and being driven by his employee, the defendant, a resident of Stephens County, filed a plea of privilege. The plaintiff presented a controverting plea thereto, seeking to sustain venue in Shackelford County on the ground that the suit was one based upon a trespass committed in that county. R.S. 1925, Art. 1995, Subsection 9. Trial of the issues of venue was by jury. Only one issue was submitted as follows: "Do you find from a preponderance of the evidence that the collision in question occurred in Shackelford County, Texas?" The question was answered "Yes", and upon that verdict, and presumably at least one other fact deemed to have been conclusively established by uncontroverted evidence, the court overruled the plea of privilege. The defendant has appealed.

Appellant greatly stresses the point that there was no evidence—and as an alternative that the evidence was insufficient—to raise an issue of the venue fact that the alleged trespass, upon which the suit was based, was committed in Shackelford County. In our opinion there was evidence to warrant the jury in believing that about midway between two highway county-line signs, one on each side of the road, there was a change in the nature of the paving, regarded by the authorities of Shackelford County and Stephens County as marking the boundary line between said counties. From the fact of such recognition, it was reasonably inferable, we think, that the public officers who had had the duty of locating said boundary line in the construction and maintenance of said highways had ascertained the location of said boundary line to be at the place where the change in the paving appeared. There was evidence that the trespass, if any, was committed at a point west of the change in pavement on a part of the road maintained as part of Road District Number 8 in Shackelford County. In our opinion this was sufficient to raise an issue that the trespass, if any, was committed in Shackelford County.

The issues before the court were not intended to form the basis of a judgment locating an uncertain or disputed boundary line. Let us suppose the trespass,

if any, had been committed upon the same highway but just outside the city limits of Albany. It is safe, we think, to say that if such had been the case there would have been no contention that the precise location of the boundary line was an issue. Yet the issue was precisely the same. Since the accident occurred very close to the boundary line, there was some greater burden of evidence upon plaintiff to support the issue. Yet this burden, we think, in the absence of any evidence to the contrary, was discharged by showing that the accident occurred on the Shackelford County side of a point generally recognized by those performing public services which presupposed a knowledge of the location of said line.

■ Another point is made of the refusal of the court to permit the stenographer reporting the case to testify as to measurements made on the morning of the trial at or near the scene of the collision. The reporter was brought by the appellant and employed by him to report the case. It is very clear the court's action was predicated upon the view that the reporter was not by law exempt from the rule (Exclusion of witnesses from courtroom during the taking of testimony) and that the testimony was excluded because said witness had not been placed under the rule. The question for our decision is, we think, not whether the action of the court appears to us to have been proper, but rather whether the court abused its discretion. The evidence was not of a nature that it was unobtainable from other sources. It was largely cumulative of other testimony. We are unable to say that, in our opinion, its exclusion constituted an abuse of discretion.

■ It is apparent from the statement of the only issue submitted that the court regarded the place of collision as being the same as the place of trespass, if any. Taken literally, the finding called for was wholly immaterial, or, in other words, not a finding upon any issue involved. A collision may have resulted from unavoidable accident; it may have resulted from the concurrence of negligence on the part of plaintiff and defendant; it may have resulted solely from the negligence of plaintiff; or, of course, it may have resulted solely from the negligence of defendant. But the occurrence of a collision carries no implication of a trespass by anyone, to say nothing of a trespass by the defendant. Defendant was under duty to point out to the court by timely and constructive objection, if any he had, any fault in the statement of the issue. It is apparent, we think, from a reading of the question that the true issue was whether the trespass, if any, was committed in Shackelford County. No objection was made to the effect that the place of the collision would not necessarily be the place of the trespass, if any. On the contrary, one objection was: "Said issue [question?] does not submit the exact issue which should be submitted (if any should be submitted, which is denied) namely 'Where is the place of the collision with reference to the true boundary line?'" The implication is clear that the issue was correct, or at least unobjectionable, in calling for the situs of the collision instead of the situs of the trespass. The location of the county line was not a venue fact, not one of the issues involved. Only "venue facts" were in issue. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The venue facts were required to be pleaded as well as proved. There was no pleading by either party making any reference to the location of the county boundary line, and, therefore, of course, no pleading tendering such as an issue. Facts relating to such boundary line were merely evidentiary. The issue upon which they were evidentiary was whether or not the trespass, if any, was committed in Shackelford County. While, therefore, the court properly overruled said objection, nevertheless the objection was by necessary implication in effect an affirmation that the county in which the collision occurred was a material issue. It could only be a material issue by regarding the place of collision as being the same as the place of the trespass, if any.

Among the objections to the submission of the case upon the single issue was this: "The defendant objects to said charge as a whole, as well as to said issue, for all and each of the following reasons: "8. Said charge does not submit to the jury any issue as to whether the defendant was guilty of primary negligence."

Formerly an objection of such nature— i.e. failure to submit an issue which the adverse party had the burden of establishing—would have been unnecessary and without effect. Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d

849, and authorities cited. Now, however, Rule 279, T.R.C.P., denies to any appellant the right to have a case reversed because of the failure of the court to submit an issue, "unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment," with alternative provision that "objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party."

■ Said objection apprises the court that appellant was contending that at least one other issue should be submitted. But in our opinion the objection did not point out to the court with the requisite certainty the true issue not submitted. No issue of negligence, simply as such, was involved. While a negligent act may be a trespass, negligence and trespass are not synonomous terms. The question of a trespass consisting of negligence is material only as it relates to venue, and the question of negligence is material only as it relates to liability for damages. Immediately after the objection under consideration was another as follows: "There is no evidence in the record from which the court could infer a proper measure of damages." No question of the measure of damages was in issue, and it seems probable the court overruled both objections upon the understanding that they related to the question of liability—a question to be determined upon the trial of the case proper,—and not to any question involved in determining the proper venue. Had appellant relied upon the objection alone, as under said rule he had the right to do, we would be constrained to hold that under the provisions of said rule, he is not entitled to have the case reversed because of the failure of the court to submit the issue whether defendant committed the trespass as alleged.

■ Appellant duly requested the submission of a special issue as follows: "Do you find from a preponderance of the evidence that at the time of the collision involved herein, the defendant, Si Thompson, was driving his automobile with a portion north of the center of the pavement of north highway 80?" This was refused, and appellant excepted. If plaintiff in either his petition or controverting plea, which adopted the allegations of the petition, alleged a trespass committed by defendant, then the above, we think, was a correct statement of the issue tendered by such allegation. It cannot be presumed that the

single issue submitted included two issues, one being the issue of the commission of a trespass because the court was under the duty to submit the issues separately, and is presumed to have done so. The Supreme Court of this State is fully committed to the view that the fact of the commission of a crime and the place of its commission are separate venue facts or issues. Compton v. Elliott, supra. The rule would be the same, of course, as to a suit based upon a trespass instead of a crime. There is, therefore, presented a clear case of a material issue not submitted, and the appellant, who seeks a reversal on that ground, having duly requested its submission. The answer of appellee is to the effect that the uncontroverted evidence established the issue in his favor. To this we are unable to agree. Appellant testified to facts which, if believed, warranted the jury in finding that he committed no trespass. This undoubtedly raised the issue, and the court erred, we think, in refusing to submit it to the jury.

It is, therefore, our conclusion that the judgment should be reversed and the cause remanded. It is accordingly so ordered.