**NACALINA LUMBER COMPANY, Inc.,**
**Appellant,**

v.

**Cloyd W. HERRIN, Appellee.**

**No. 7080.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 18, 1969.

Rehearing Denied Oct. 16, 1969.

**614**

Floyd W. Addington, Jasper, for appellant.

March H. Coffield, Jasper, for appellee.

PARKER, Chief Justice.

Cloyd W. Herrin, a resident of Newton County, Texas, sued Nacalina Lumber Company, Inc., a corporation with its legal residence in Nacogdoches County, Texas, claiming he was injured while working as an employee of defendant as a result of the negligence of the defendant. Defendant elected not to carry workmen's compensation insurance. Defendant filed a plea of privilege to transfer venue of the case to the county of its residence. This plea was controverted by plaintiff under exceptions 9a and 23 of Article 1995, Texas Revised Civil Statutes. The trial court overruled defendant's plea of privilege with judgment entered accordingly, hence this ap-

peal. Judgment of the trial court is reversed. The parties will be designated as in the trial court.

Defendant's Point of Error No. One is as follows:

"The Trial Court erred in overruling Defendant's Plea of Privilege for the reason that there is no evidence in the record to support a finding that Plaintiff was an employee of Defendant on the occasion in question and therefore owed no duty in regard to Plaintiff's log cutting operation."

Point Two contends the same thing on the basis of insufficient evidence. Point Three contends that the finding is so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. These three points will be considered together. Only the evidence favorable to the implied finding of the court is considered in passing upon all "no-evidence" points.

Herrin contends he was an employee of Nacalina at the time he was injured when cutting logs for Nacalina. He claims the injury resulted from various negligent acts and omissions on the part of defendant. Nacalina asserts Herrin was an independent contractor; that his injury was not the result of negligence on its part.

Herrin was the sole witness, and all statements herein are from his testimony or from admissions of defendant. Plaintiff, Herrin, a resident of Newton County, Texas, is a log cutter. He owned and furnished his own power saw and truck, paid for the gasoline and any repair needed for his saw and truck. At the time of the accident, his pay was $5.50 per thousand feet cut.

A neighbor of Herrin told him that log cutters were needed by defendant. Plaintiff saw a place where he could use his knowledge of timber, his competence as a sawer of thirty or forty years experience and make a living. The sole and only duty with respect to working is shown by the

following question and answer of plaintiff, Herrin:

"Q. And the only instruction you had with respect to cutting the logs was to cut a log that would be big enough to make a particular size board that the sawmill was trying to put out?

"A. Yes, sir."

Defendant moved logging operations from one area to another without notifying plaintiff. On one occasion, plaintiff was unable to find where to work for several weeks. Defendant did not withhold social security or income tax from the money paid plaintiff. Defendant carried group insurance on its employees, but there is no evidence that plaintiff was covered by such policy. A man named Vickerson hauled the logs to the mill. If Herrin encountered a situation with a tree that he could not handle with his equipment, Vickerson would go to his assistance. Plaintiff testified:

"A. Well, any way they could assist us, you know, if he was there he'd raise up the log, get you out of a pinch, or push a log around out of a slough or something, pull it out to where we could get to it."

Vickerson used his truck, skidder, timber jack, or loader to rescue plaintiff from trouble he encountered. On the occasion of the injury, none of the employees of Vickerson were within reach of plaintiff's voice.

The woods foreman for Nacalina, Mr. Dickerson (Vickerson), directed plaintiff to cut logs from a tract of land in Newton County, Texas. There the injury occurred when plaintiff cut a hickory tree. It fell into "a deep-bank creek, kicking the butt of the log up, sliding sideways, knocked me down." After being knocked down, Herrin stayed under the tree about 30 minutes, finally took his power saw and "sawed a piece of the log out and pushed it off of me." His left leg was broken. No one was assisting him at that time. Whether he employed an assistant or not was up to him. The logging crew of Vickerson, with truck, skidder or a timber jack and loader was half a mile away.

"Q. During the time that you had been working in this area where you were injured, had they ever used any of these pieces of equipment to shore up a tree that was being cut off or hold it up or brace it or secure it in any way while it was being cut on?

"A. Yes, sir.

"Q. How would they do that?

"A. Well, any way they could assist us, you know, if he was there he'd raise up the log, get you out of a pinch, or push a log around out of a slough or something, pull it out to where we could get to it.

"Q. All right, this is Mr. Vickerson you're talking about?

"A. Yes, sir.

"Q. Did they ever tie any of these trees off while you were cutting on them to keep them from falling in one direction or another?

"A. No, he hadn't.

"Q. Had you ever used any posts or any matter like that to hold them up while you were cutting them off?

"A. No.

"Q. Is this a device that can be used?

"A. Yes, sir.

"Q. Have you seen that used?

"A. Yes, sir.

"Q. How long have you been cutting trees, Mr. Herrin, before you got injured?

"A. About forty years."

Herrin saw nothing about the tree indicating it was dangerous to cut. He cut it.

In this plea of privilege case, the evidence is tested as in any other civil case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935). The plaintiff, Herrin's evidence classified him an independent contractor under Halliburton v. Texas Indemnity Insurance Company, 147 Tex. 133, 213 S.W.2d 677 (1948), where the court said:

"If one contracts to do a specific piece of work for another and furnishes, and has the absolute control of, his assistants, and the work is done in accord with his own ideas, or with a previously agreed plan, without being subject to the other's orders with respect to the details of the work, he is an independent contractor. However, if he and his assistants are subject to the control of the other party with respect to the details and method of doing the work then he is an employee. The supreme test in determining whether one is an employee or an independent contractor, according to our decisions and most of the modern cases, is the test with respect to the right of control."

Similar holdings are in Smith Bros. v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145 (1936) and Dave Lehr, Inc. v. Brown, 127 Tex. 236, 91 S.W.2d 693 (Tex.Comm.App., 1936, opinion adopted).

There is no evidence that the defendant in any manner, through any person, had any right to control or controlled any of the details concerning the manner and methods of cutting the logs by Cloyd W. Herrin. The Statement of Facts does not show any supervision on the part of defendant except that it was explained to him that all trees cut should produce a board 2" x 6". Defendant's Point of Error No. One is sustained.

Defendant's Point of Error No. Four is:

"The Trial Court erred in overruling the Defendant's Plea of Privilege for the reason that there is no evidence to support the finding that the Plaintiff proved a prima facie case of negligence."

Point Five contends the same thing on the basis of insufficient evidence. Point Six contends the finding is so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. These three points will be considered together. Point No. Four is sustained.

The judgment and order of the District Court of Newton County, Texas overruling the plea of privilege of Nacalina Lumber Company, Inc. is reversed and it is here adjudged and ordered that this cause be transferred by the District Court of Newton County, Texas, to the District Court of Nacogdoches County, Texas.