Wm. ANDRESS, Jr., Appellant,

v.

AMERICAN YOUTH CAMPS, INC., et al., Appellees.

No. 4811.

Court of Civil Appeals of Texas, Eastland.

July 11, 1975.

Rehearing Denied Aug. 8, 1975.

538

William Andress, Jr., Dallas (Andress, Woodgate & Lodewick, Dallas), for appellant.

Steve Robertson, Clifton (Vance, McMullen & Connally, Inc., Clifton), for appellees.

WALTER, Justice.

This is a venue case.

Wm. Andress, Jr., filed suit against American Youth Camps, Inc., on a note for $165,000 and sought foreclosure of a vendor's lien against 175.5 acres of land in Coryell County, Texas. He alleged that Youth Camps, of America, Inc. made, executed and delivered a note payable in Dallas County, Texas, to Betty J. Vickrey. He alleges the note was assigned and transferred to him for a valuable consideration. Andress alleges in paragraph two of his petition the following:

"On or about the 21st day of March 1973, Betty J. Vickrey deeded to Youth Camps,

of America, Inc., a non-profit Texas Corporation, the 175.5 acres of land in Coryell County, Texas, hereinafter described, retaining therein a vendor's lien to secure a note of even date therewith executed by the grantor therein to the order of Betty J. Vickrey at Dallas, Texas, in the principal sum of $165,000, with interest at the rate of 6% per annum, in equal annual installments beginning one year after date, which said vendor's lien note was executed by Youth Camps of America, by George C. Richards."

Andress alleges that Joe W. Phillips, Jr., is residing upon the premises and is making some sort of personal claim, the nature of which is unknown to Andress.

American Youth Camps, Inc., filed a plea of privilege to be sued in the county of its residence, Coryell County. American Youth Camps, Inc., in its plea of privilege pursuant to Rule 93, Texas Rules of Civil Procedure, denied the execution and delivery of the note and denied the genuineness of the endorsement and the assignment of the note.

Joe W. Phillips, Jr., filed a plea of privilege to be sued in the county of his residence, Coryell County, Texas. He also denies under oath the execution and delivery of the note and denies the genuineness of the assignment of the note to plaintiff, Andress.

In his controverting plea, Andress relies on Sections 5 and 29a of Article 1995, Vernon's Ann.Rev.Civ.Stats. The court sustained the defendants' plea of privilege and Andress has appealed.

The plaintiff introduced a note executed by Youth Camps of America for $165,000 payable to the order of Betty Fickling Vickrey. Mrs. Vickrey testified she assigned this note to Mr. Andress.

There is no evidence that the defendant, American Youth Camps, Inc., made, executed and delivered this note to Mrs. Vickrey. There is no evidence that Youth Camps of America, Inc., and American

Youth Camps, Inc., are one and the same entity.

■ We hold plaintiff's proof fails to show that Phillips was a necessary party under subdivision 29a of Article 1995. *Cockburn Oil Corp. v. Newman,* 244 S.W.2d 845 (Tex.Civ.App.—Eastland 1951, no writ).

■ We hold the evidence fails to establish the venue facts in Dallas County. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935).

The judgment is affirmed.