NO. 07-08-0215-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 10, 2009

_____

IN THE MATTER OF J.M., A JUVENILE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY
SITTING AS A JUVENILE COURT;

NO. 24,694; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

J.M.,[1] a juvenile, challenges the trial court's order modifying his disposition by committing him to the Garza County Regional Juvenile Facility until completion of its program or his seventeenth birthday. Presenting seven issues, he maintains the evidence is insufficient to show that he violated the terms and conditions of probation by causing

_____

[1]*See* Tex. R. App. P. 9.8(c).

bodily injury to his mother, E.M., by striking her with a closed hand and also contends the trial court's decision was arbitrary and unreasonable. We affirm.

## Background

On November 26, 2007, when J.M. was sixteen, he entered pleas of true to two allegations: (1) on March 16, 2007, he caused bodily injury to his mother, E.M., by pushing her with his hands; and (2) on October 23, 2007, he intentionally obstructed a person whom he knew was a peace officer from effecting his arrest by using force against the peace officer. After a stipulation of evidence was admitted during the adjudication phase of the hearing, the trial court found that J.M. had engaged in delinquent conduct and was in need of supervision and rehabilitation. After the disposition phase of the hearing, J.M. was placed on probation for a period of one year, subject to certain terms and conditions, including a term that he "commit no offense against the laws of the State of Texas or any other state or of the United States or penal ordinances of a subdivision."

On April 18, 2008, the State filed a petition to modify J.M.'s disposition alleging that on March 17, 2008, he violated the terms and conditions of probation by causing bodily injury to his mother, E.M., by striking her with a closed hand. After receiving evidence at the modification hearing, the trial court found that J.M. had violated the terms and conditions as alleged by the State and it entered an order modifying J.M.'s juvenile disposition. The court announced that by committing J.M. to the Garza County Regional Juvenile Facility, a boot camp facility, it was not only protecting him, but also the public.

2

By issues one and two, J.M. maintains the evidence is legally and factually insufficient to show that he violated the terms and conditions of probation by causing bodily injury to E.M. by striking her with a closed hand. By issues three, four, five, six, and seven, J.M. contends the evidence is legally and factually insufficient to show that reasonable efforts were made to prevent his removal from the home, placement outside his home was not in his best interest, and the trial court's decision was arbitrary and unreasonable.

**Standard of Review for Modification of Disposition**

A trial court's modification of disposition is governed by § 54.05 of the Texas Family Code Annotated (Vernon Supp. 2008). The issue at a modification hearing is whether a preponderance of the evidence establishes that the juvenile violated a reasonable and lawful order of the court. *See id.* at (j). A "preponderance of the evidence" has been defined as the greater weight and degree of credible testimony. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex.App.–Texarkana 2003, no pet.) (citing *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91, 95 (1935)).

A trial court's modification of a juvenile disposition is a discretionary decision reviewed for abuse. *In re J.P.*, 136 S.W.3d 629, 632 (Tex. 2004). A court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *In re K.J.N.*, 103 S.W.3d 465, 466 (Tex.App.–San Antonio 2003, no pet.). A trial court does not abuse its discretion if there is some evidence to support its decision. *In re C.J.H.*, 79 S.W.3d 698, 702 (Tex.App.–Fort Worth 2002, no pet.). Whether there is

3

sufficient evidence to support the court's decision is a relevant factor in determining abuse of discretion. *Id.*

### Requirements of a Trial Court's Order Under § 54.05(m)

If the court modifies a disposition by placing a juvenile on probation outside the home, it must determine the following:

(A) it is in the child's best interest to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation . . . .

Tex. Fam. Code Ann. § 54.05(m) (Vernon Supp. 2008).

Notwithstanding that a child's best interests are often paramount in the Family Code, in the Juvenile Justice Code[2] the best interests of the child who engages in delinquent conduct are superseded to the extent they conflict with public safety. *In re J.P.*, 136 S.W.3d at 633. Additionally, the Juvenile Justice Code shall be construed to effectuate, among other concerns, protection of the public and public safety. *See* Tex. Fam. Code Ann. § 51.01(1) (Vernon 2002). *See also Matter of T.D.*, 817 S.W.2d 771, 775 (Tex.App.–Houston [1st Dist.] 1991, writ denied).

---

[2]Title 3 of the Texas Family Code, Chapters 51 -61.

## Discussion

### I. Issues One and Two

E.M. testified at the modification hearing that on March 17, 2008, she was having a discussion with J.M. about his failure to do chores. According to her testimony, J.M. became "mad" and began using "bad words." She decided to record his foul language which further angered him and according to E.M., he followed her into a room and "hit her with the closed fist in the shoulder." However, on cross-examination E.M. testified that J.M. pushed her and "it wasn't with a closed fist . . . ." Notwithstanding this testimony, E.M.'s daughter, eighteen years old at the time of the hearing, and a police officer, who responded to a disturbance call, both testified that E.M. had reported that J.M. "punched" her in the arm.

The State was only required to prove by a preponderance of the evidence that J.M. violated a lawful order of the court in order to support the trial court's modification of J.M.'s disposition. *In re T.R.S.*, 115 S.W.3d at 320-21. Thus, we conclude the trial court did not abuse its discretion in finding that J.M. violated the terms and conditions of his probation. Issues one and two are overruled.

## II.    Issues Three, Four, Five, Six and Seven

The trial court's modification order recites:

> [t]he Court finds that it is in the best interest of the child, [J.M.], to be placed outside his home; that all reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to his home, and the child, in the child's home, cannot be provided the quality of care and the level of support and supervision that the child needs to meet the conditions of probation.

When questioned during cross-examination what effort had been made to prevent or eliminate J.M.'s removal from his home, juvenile probation officer, Ken Brock, testified that J.M. was offered every program available in Vernon. In fact, J.M. had previously participated in and completed two separate counseling programs. Brock also testified that placement with other relatives was considered but that J.M.'s mother claimed no other family members would take him.

Brock testified at the adjudication and disposition hearing that several years earlier, J.M. had assaulted a peace officer resulting in a referral. At the conclusion of that hearing, the trial court expressed to J.M. its concern for his lack of respect for authority and "the fact you've gotten in fights with police officers on two different occasions." At the modification hearing, the court had sufficient evidence before it that J.M.'s best interests would be served by committing him to the boot camp program at the Garza County Regional Juvenile Facility.

6

Although the evidence established that J.M.'s mother and sister were not afraid of him and that no other acts of violence occurred following the March 17, 2008 episode resulting in the State's petition to modify disposition, there was sufficient evidence to justify the exercise of the trial court's discretion in modifying J.M.'s disposition. We conclude the trial court's decision was not arbitrary and unreasonable and thus, did not amount to an abuse of discretion. Issues three, four, five, six, and seven are overruled.

**Conclusion**

Having overruled J.M.'s seven issues, the trial court's order modifying his disposition is affirmed.

Patrick A. Pirtle
Justice