NO. 07-08-0215-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 10, 2009

______________________________


IN THE MATTER OF J.M., A JUVENILE

_________________________________

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY
SITTING AS A JUVENILE COURT;

NO. 24,694; HONORABLE DAN MIKE BIRD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          J.M.,


 a juvenile, challenges the trial court’s order modifying his disposition by
committing him to the Garza County Regional Juvenile Facility until completion of its
program or his seventeenth birthday. Presenting seven issues, he maintains the evidence
is insufficient to show that he violated the terms and conditions of probation by causing
bodily injury to his mother, E.M., by striking her with a closed hand and also contends the
trial court’s decision was arbitrary and unreasonable. We affirm.
Background
          On November 26, 2007, when J.M. was sixteen, he entered pleas of true to two
allegations: (1) on March 16, 2007, he caused bodily injury to his mother, E.M., by pushing
her with his hands; and (2) on October 23, 2007, he intentionally obstructed a person
whom he knew was a peace officer from effecting his arrest by using force against the
peace officer. After a stipulation of evidence was admitted during the adjudication phase
of the hearing, the trial court found that J.M. had engaged in delinquent conduct and was
in need of supervision and rehabilitation. After the disposition phase of the hearing, J.M.
was placed on probation for a period of one year, subject to certain terms and conditions,
including a term that he “commit no offense against the laws of the State of Texas or any
other state or of the United States or penal ordinances of a subdivision.” 
          On April 18, 2008, the State filed a petition to modify J.M.’s disposition alleging that
on March 17, 2008, he violated the terms and conditions of probation by causing bodily
injury to his mother, E.M., by striking her with a closed hand. After receiving evidence at
the modification hearing, the trial court found that J.M. had violated the terms and
conditions as alleged by the State and it entered an order modifying J.M.’s juvenile
disposition. The court announced that by committing J.M. to the Garza County Regional
Juvenile Facility, a boot camp facility, it was not only protecting him, but also the public. 
          By issues one and two, J.M. maintains the evidence is legally and factually
insufficient to show that he violated the terms and conditions of probation by causing bodily
injury to E.M. by striking her with a closed hand. By issues three, four, five, six, and seven,
J.M. contends the evidence is legally and factually insufficient to show that reasonable
efforts were made to prevent his removal from the home, placement outside his home was
not in his best interest, and the trial court’s decision was arbitrary and unreasonable. 
                          Standard of Review for Modification of Disposition
          A trial court’s modification of disposition is governed by § 54.05 of the Texas Family
Code Annotated (Vernon Supp. 2008). The issue at a modification hearing is whether a
preponderance of the evidence establishes that the juvenile violated a reasonable and
lawful order of the court. See id. at (j). A “preponderance of the evidence” has been
defined as the greater weight and degree of credible testimony. In re T.R.S., 115 S.W.3d
318, 320 (Tex.App.–Texarkana 2003, no pet.) (citing Compton v. Elliott, 126 Tex. 232, 88
S.W.2d 91, 95 (1935)).
          A trial court’s modification of a juvenile disposition is a discretionary decision
reviewed for abuse. In re J.P., 136 S.W.3d 629, 632 (Tex. 2004). A court abuses its
discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or
principles. In re K.J.N., 103 S.W.3d 465, 466 (Tex.App.–San Antonio 2003, no pet.). A
trial court does not abuse its discretion if there is some evidence to support its decision. 
In re C.J.H., 79 S.W.3d 698, 702 (Tex.App.–Fort Worth 2002, no pet.). Whether there is
sufficient evidence to support the court’s decision is a relevant factor in determining abuse
of discretion. Id. 
Requirements of a Trial Court’s Order Under § 54.05(m)
          If the court modifies a disposition by placing a juvenile on probation outside the
home, it must determine the following:
(A) it is in the child’s best interest to be placed outside the child’s home;
(B) reasonable efforts were made to prevent or eliminate the need for the
child’s removal from the child’s home and to make it possible for the child to
return home; and
(C) the child, in the child’s home, cannot be provided the quality of care and
level of support and supervision that the child needs to meet the conditions
of probation . . . .
 
Tex. Fam. Code Ann. § 54.05(m) (Vernon Supp. 2008). 
          Notwithstanding that a child’s best interests are often paramount in the Family Code,
in the Juvenile Justice Code


 the best interests of the child who engages in delinquent
conduct are superseded to the extent they conflict with public safety. In re J.P., 136
S.W.3d at 633. Additionally, the Juvenile Justice Code shall be construed to effectuate,
among other concerns, protection of the public and public safety. See Tex. Fam. Code
Ann. § 51.01(1) (Vernon 2002). See also Matter of T.D., 817 S.W.2d 771, 775
(Tex.App.–Houston [1st Dist.] 1991, writ denied).
Discussion
          I.        Issues One and Two
          E.M. testified at the modification hearing that on March 17, 2008, she was having
a discussion with J.M. about his failure to do chores. According to her testimony, J.M.
became “mad” and began using “bad words.” She decided to record his foul language
which further angered him and according to E.M., he followed her into a room and “hit her
with the closed fist in the shoulder.” However, on cross-examination E.M. testified that J.M.
pushed her and “it wasn’t with a closed fist . . . .” Notwithstanding this testimony, E.M.’s
daughter, eighteen years old at the time of the hearing, and a police officer, who
responded to a disturbance call, both testified that E.M. had reported that J.M. “punched”
her in the arm. 
          The State was only required to prove by a preponderance of the evidence that J.M.
violated a lawful order of the court in order to support the trial court’s modification of J.M.’s
disposition. In re T.R.S., 115 S.W.3d at 320-21. Thus, we conclude the trial court did not
abuse its discretion in finding that J.M. violated the terms and conditions of his probation. 
Issues one and two are overruled.

          II.       Issues Three, Four, Five, Six and Seven
          The trial court’s modification order recites:
[t]he Court finds that it is in the best interest of the child, [J.M.], to be placed
outside his home; that all reasonable efforts were made to prevent or
eliminate the need for the child’s removal from the home and to make it
possible for the child to return to his home, and the child, in the child’s home,
cannot be provided the quality of care and the level of support and
supervision that the child needs to meet the conditions of probation. 
 
          When questioned during cross-examination what effort had been made to prevent
or eliminate J.M.’s removal from his home, juvenile probation officer, Ken Brock, testified
that J.M. was offered every program available in Vernon. In fact, J.M. had previously
participated in and completed two separate counseling programs. Brock also testified that
placement with other relatives was considered but that J.M.’s mother claimed no other
family members would take him.
          Brock testified at the adjudication and disposition hearing that several years earlier,
J.M. had assaulted a peace officer resulting in a referral. At the conclusion of that hearing,
the trial court expressed to J.M. its concern for his lack of respect for authority and “the fact
you’ve gotten in fights with police officers on two different occasions.” At the modification
hearing, the court had sufficient evidence before it that J.M.’s best interests would be
served by committing him to the boot camp program at the Garza County Regional
Juvenile Facility.
          Although the evidence established that J.M.’s mother and sister were not afraid of
him and that no other acts of violence occurred following the March 17, 2008 episode
resulting in the State’s petition to modify disposition, there was sufficient evidence to justify
the exercise of the trial court’s discretion in modifying J.M.’s disposition. We conclude the
trial court’s decision was not arbitrary and unreasonable and thus, did not amount to an
abuse of discretion. Issues three, four, five, six, and seven are overruled.
Conclusion
          Having overruled J.M.’s seven issues, the trial court’s order modifying his disposition
is affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice








ot give you probation.” However, when asked later, “Did
you ever, at any time, think that a jury could give you probation in these cases,” appellant
answered, “No.”
          In addition to the testimony offered at the hearing on the motion for new trial, we
also have a transcript from a meeting between appellant, trial counsel and the district
attorney. In an unusual step, and against trial counsel’s advice, appellant demanded and
received a meeting with the district attorney and an assistant district attorney. At the
meeting, the State reiterated its offer to appellant that, in exchange for a plea of guilty, that
the State would recommend life sentences but would ask that the sentences not be
stacked. At that meeting, several terms related to probation were used including stacked,
concurrent, and deferred adjudication. Finally, we have the clerk’s record of the plea
hearing where it appears that appellant received properly administered admonishments. 
          From an examination of the entire record, it would appear that the only evidence
supporting appellant’s contention is his self-serving statement at the hearing on the motion
for a new trial. Appellant was aware of, at minimum, the possibility of probation. 
Considering that appellant was insistent that he be given probation, trial counsel would
have investigated the different possibilities of gaining probation for her client. In support
of that proposition, we have trial counsel’s statement that she had never told him that he
couldn’t get probation from a jury, but only that there was a slight chance. We also have
appellant’s statement that trial counsel told him that a jury “probably would not give you
probation.” We also have a transcript of a meeting requested by appellant where probation
is the main topic of discussion. Throughout the meeting, appellant and the attorneys
discuss several options such as jury trials, plea bargains, and an open plea before the
judge. Eventually, appellant decides on an open plea because of the understanding that
the judge could give him deferred adjudication. At that plea, appellant signed a felony plea
memorandum containing the admonishment according to art. 26.13 as well as received the
same admonishments from the trial judge verbally. Considering the prima facie showing
that a guilty plea was entered knowingly and voluntarily, we conclude that appellant has
not met his burden to demonstrate that his plea was involuntarily entered because he
believed that a jury could not give him probation. We overrule appellant’s second issue.
Ineffective assistance of counsel
          The right to counsel affords an accused an attorney reasonably likely to render and
rendering reasonably effective assistance. See Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991). In analyzing claims of ineffective assistance of counsel, we apply
the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984). Ex parte Ellis, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007).
Under this framework, appellant must prove by a preponderance of the evidence that: (1)
his counsel's performance was deficient; and (2) there is a reasonable probability–one
sufficient to undermine confidence in the result–that the outcome would have been
different but for his counsel's deficient performance. Id.
          To establish deficient performance, appellant must show that counsel was not acting
as a reasonably competent attorney, and his advice was not within the range of
competence demanded of attorneys in criminal cases. Id. Appellant must overcome the
strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Id. Therefore, appellant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial strategy.
Id. The reasonableness of an attorney's performance is judged according to the prevailing
professional norms and includes an examination of all the facts and circumstances
involved in a case. Id. We must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight. Id.
          Under the second prong of the Strickland analysis, appellant must establish that the
constitutionally deficient performance prejudiced his defense--that is, he must show that
there is a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different. Id. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 330-31. When making this
determination, any constitutionally deficient acts or omissions will be considered in light of
the totality of the evidence before the judge or jury. Id. at 331.
          Under the first prong, it appears that trial counsel has performed according to the
professional norms. Since appellant was facing 3g offenses, see art. 42.12 § 3g, appellant
was not eligible for judge ordered community supervision after conviction or a plea of guilty. 
 Thus, appellant’s only options were to receive probation from a jury at the conclusion of
five jury trials, or to receive deferred adjudications from the trial judge. See art. 42.12 § 4,
5. Although testimony at the hearing on the motion for new trial was confusing at times,
it is apparent that appellant’s trial counsel was discounting the possibility of appellant
receiving probation from a jury multiple times, not that probation was not available from a
jury. Additionally, appellant and his counsel had met with the district attorney and an
assistant district attorney to discuss a probation offer prior to the date appellant pled guilty. 
At that time, appellant’s trial counsel explained that, if appellant went to the trial judge for
sentencing, the judge was bound within the punishment range for the offenses as set out
by the legislature. However, within that range, trial counsel explained that the judge would
have the ability and discretion to sentence appellant to anything within that range. Also,
at that time, the issue of concurrent sentences came up only briefly. The mention of
concurrent sentences was when the district attorney reiterated the offer previously given
to appellant, that being six life sentences to run concurrently. Given the fact that appellant
was facing six indictments and that the State has declared its intention to prosecute each
before a jury unless appellant pled guilty, appellant has not overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Ex parte Ellis, 233 S.W.3d at 330. Because appellant has failed to establish
deficient performance by counsel, we will forego any analysis under the second prong of
Strickland. Tex. R. App. P. 47.1. We overrule appellant’s last issue. 
Conclusion
          For the foregoing reasons, we affirm.  
                                                                Mackey K. Hancock

                                                                         Justice

Do not publish.