## UNION BUS LINES v. YOUNG.
### No. 2678.

Court of Civil Appeals of Texas. Waco.
May 9, 1946.

## SOWELL v. STATE.
### No. 23426.

Court of Criminal Appeals of Texas.
May 29, 1946.

S. A. Crowley, of Fort Worth, and Fowler Roberts, of Dallas, for appellant.

Bryan & Maxwell and Bedford D. Edwards, all of Waco, for appellee.

HALE, Justice.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Bexar County. Appellee instituted the suit out of which the proceeding arose in Hamilton County on July 7, 1945, seeking recovery of damages on account of personal injuries alleged to have been negligently inflicted upon his wife while she was being transported as a passenger from the town of Hamilton to the city of Fort Worth. In his controverting affidavit appellee specifically referred to his original petition, making the same a part of his plea for all purposes, and fully alleged facts showing that venue for the trial of his case on its merits was properly laid in Hamilton County under the provisions of subdivisions 23 and 24 of Art. 1995 of Vernon's Tex.Civ.Stats. Appellant says in effect that the evidence introduced at the hearing on the plea was insufficient to sustain the implied findings of the trial court in support of the venue facts thus alleged.

■ Having timely filed its statutory plea of privilege to be sued in Bexar County, appellant thereby cast upon appellee the burden of showing by proper pleading and proof that venue for a trial of the case on its merits in Hamilton County comes within one or more of the exceptions embraced in Art. 1995 of Vernon's Tex. Civ.Stats. Compton v. Elliott 126 Tex. 232, 88 S.W.2d 91; Cowden v. Cowden, Tex. Sup., 186 S.W.2d 69. If appellee discharged the burden thus imposed upon him the judgment should be affirmed; but if not, the judgment should be reversed.

Subdivision 24 of the venue statute provides in substance that suits arising from damage or loss to any passenger by reason of his or her transportation or contract in relation thereto, in whole or in part by one or more common carriers, operating or doing business as such in this state, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative. Secs. 1(c) and 2, respectively, of Art. 911a of Vernon's Tex. Civ.Stats. provide in effect 1(c) that the term "Motor Bus Company" shall mean every corporation or person operating any motor propelled passenger vehicle not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within this state and (2) that all motor-bus companies as thus defined are declared to be "common carriers."

■ There was competent evidence adduced at the hearing to the effect that appellant was engaged in the business of transporting persons for hire in and through Hamilton County as a motor-bus company on and prior to April 20, 1945; that it had an agent and representative in that county on such date and at all times thereafter until the hearing was had on February 11, 1946, who was charged with the duty of selling tickets to members of the public on its behalf; that appellee's wife purchased a ticket from appellant's agent at a drug store in the town of Hamilton on such date which entitled her to be transported as a passenger from that town to the city of Fort Worth by way of Stephenville; that she boarded a bus in front of the drug store in Hamilton on such date and upon arrival at Stephenville she was directed to change busses and did so; and

while the bus was being operated from Stephenville to Fort Worth, at a speed of 60 to 65 miles per hour and with dim lights during the nighttime, it was involved in a collision which resulted in injury to appellee's wife.

We cannot say the evidence was insufficient to support implied findings by the trial court to the effect that appellant was a common carrier and was engaged as such in Hamilton County with an agent and representative in that county at all times material to this proceeding. Although there was no proof that appellant was a corporation, the evidence shows that it was engaged in the business of transporting persons for hire in and through that county as a motor-bus company and hence was a "common carrier" within the meaning of the law, regardless of whether it was a corporation, a partnership or an individual operating under the name of Union Bus Lines. If in law and in fact appellant was a common carrier doing business as such with an agent in Hamilton County at the time when the injury complained of was sustained and at the time when the suit was brought, then in our opinion venue for a trial of the case on its merits was properly laid in that county under the provisions of Subd. 24 of Art. 1995.

Appellant further says the evidence was insufficient to show that appellee's wife was injured by reason of her transportation by it or by reason of its contract in relation thereto. We doubt whether the ultimate liability, if any, of appellant to appellee constitutes any part of the essential venue facts under Subd. 24 of Art. 1995. But if so, there was evidence to the effect that appellant did not own or operate any bus line from Stephenville to Fort Worth at the time of the collision. However, while the ticket in evidence provided that Union Bus Lines was not responsible "beyond its own line," the ticket did not disclose the name of any connecting carrier, if any, at Stephenville. Therefore, it appears to us that even though appellant did not actually own or operate the bus in which appellee's wife was being transported at the time of the collision, nevertheless it would be liable to appellee for the actionable neg-

ligence of any connecting carrier, if any, for whom it might have been acting as an undisclosed agent in the selling of the ticket here involved. 2 Tex.Jur. p. 583, §§ 172, 173; Boyles v. McClure, Tex.Com. App., 243 S.W. 1080. Certainly appellant would be liable for the negligence of any connecting carrier who was acting as its authorized agent in the performance of its contract with appellee's wife.

Finding no reversible error in the case, all of appellant's points are overruled and the judgment of the trial court is affirmed.