Sam GOLDFARB, d/b/a Uptown Package Store, Appellant,

v.

GLAZER'S WHOLESALE DRUG CO., Appellee.

No. 14866.

Court of Civil Appeals of Texas.

Dallas.

Dec. 3, 1954.

Rehearing Denied Jan. 7, 1955.

Remy, Burns, Schiller & Lagerquist, San Antonio, for appellant.

J. Manuel Hoppenstein, Dallas, for appellee.

DIXON, Chief Justice.

On motion for rehearing our opinion heretofore delivered in this case is withdrawn and the following is substituted therefor.

This is a plea of privilege case. Appellee as plaintiff filed suit in Dallas County on sworn account for $3,004.38 against appellant for merchandise alleged to have been

sold and delivered to appellant in San Antonio, Texas, from appellee's San Antonio branch and warehouse in December 1953 and January 1954.

In its controverting affidavit appellee seeks to retain venue in Dallas County under Section 5 of Article 1995, V.A.C.S., basing its claim on alleged invoices which provide for payment in Dallas County.

Appellant by sworn pleading and by his testimony denies that either he or any agent authorized by him ordered the merchandise in question, or accepted delivery of it, or signed the invoices.

At the beginning of the trial, before any witness had been called, appellee offered in evidence its original petition. Attached to the petition were what purported to be the invoices, or copies of the invoices in question. Appellant objected that this was not a proper way to prove up the invoices or contracts, appellant having filed a sworn denial of the allegations in appellee's affidavit and a denial that he or any agent of his ordered the merchandise, received it, or executed the invoices upon which appellee based its venue claim. Appellee evidently agreed that this objection was good, for through its counsel it advised the court that the documents would "be proved up under the proof, and the petition is introduced for the further purpose of showing the nature of the suit and allegations therein stated." Nevertheless the petition was admitted in evidence.

The copies of the fifteen invoices attached to plaintiff's petition are made out to "Uptown Package Store, 720 Fredericksburg Road, City." They bear dates from December 1, 1953 to January 5, 1954. At the bottom of each invoice is printed, "This invoice payable in Dallas, Dallas County, Texas." Also at the bottom of each invoice is the printed statement, "Received the above in good condition" followed by a line for signature. On this line for signature are written the initials "R.C." on six of the invoices; the name "Joyce Wiggins" on five of them; the initials "P.G.A." on two of them; while on two of them no name or initial is signed. The record does not disclose who these parties are, or that they ever had any connection with appellant, who disclaimed any knowledge of them.

There is uncontradicted evidence in the record to the effect that appellant sold his business, known as Uptown Package Store, on September 28, 1953 to R. D. Carter, and since said date he has not owned or had any interest in the business. Appellant also testified that on the same date, September 28, 1953, he mailed a letter to all his wholesale suppliers, appellee among them, advising them that "R. D. Carter will be responsible for all merchandise purchased as of this date, in the name of Uptown Package Store, 720 Fredericksburg Road." With the letter to appellee he says he enclosed a check also dated September 28, 1953 for $95.13, the amount of his account as of that date. A carbon copy of this letter was introduced in evidence, as was the cancelled check for $95.13.

Appellant further testified that on September 28, 1953 he talked in person to Mr. Newman, Supervisor of the Texas Liquor Control Board in San Antonio, Texas, and notified him of the sale of the liquor store. On December 17, 1953 appellant voluntarily gave up his liquor license. The record shows that on December 17, 1952 appellant filed with the County Clerk of Bexar County an affidavit under the assumed name statute to the effect that he intended to do business under the name "Uptown Package Store." On January 19, 1954 he filed another affidavit with the County Clerk giving notice that he had withdrawn from, and disposed of his interest in the business.

Appellee's local manager and credit man testified that the merchandise was delivered and the invoices issued in regular course of business. Some of the invoices were signed by a fellow named Carter and some of them by a fellow named Joyce Wiggins. However on voir dire examination the witness stated that he did not deliver the merchandise and did not know who was present at the Uptown Package Store when it was delivered. He had not been in the store since July or August 1953. Appellant Goldfarb had paid for all the merchandise delivered to him prior to September 1953.

Appellee's manager, one of several persons who opens mail at appellee's office, also testified at first that appellee had not received a letter from appellant advising that as of September 28, 1953 R. D. Carter would be responsible for merchandise purchased in the name of Uptown Package Store. But on being shown the cancelled check for $95.13 bearing appellee's stamped endorsement, which check appellant had testified he enclosed with the letter, the witness admitted that the check had been received. He then admitted also that the letter too could have been received. Furthur, he admitted that during the latter part of September or first part of October 1953 he had made inquiries as to Mr. Carter's credit standing.

One of appellee's salesmen testified that he called at the Uptown Package Store about once a week. He only solicited orders. He did not deliver the merchandise. Prior to September 1953 he either called appellant Goldfarb or appellant called him to place orders. Sometime in September he called appellant and appellant told him that Mr. Carter would be in operation of the store instead of appellant Goldfarb, and that he, appellant, would have no connection anymore with the buying. All the witness was interested in was knowing who would do the buying.

■ In our opinion the evidence is insufficient to support the implied finding, necessarily made by the trial court, that the merchandise was sold and delivered to appellant Goldfarb pursuant to the terms of the invoices introduced in evidence as exhibits to appellee's petition. By introducing in evidence the verified account with invoices attached appellee did not make out its case. Our sworn account rule expressly provides that such accounts shall not be prima facie evidence if the resisting party files a sworn denial. Rule 185, Texas Rules of Civil Procedure. By his sworn answer appellant cast the burden upon appellee to establish its claim in the same way it would have been required to establish the claim had the account not been verified. J. E. Earnest Co. v. Word, 137 Tex. 16,

152 S.W.2d 325 (Comm.App. Opinion adopted by S.C.). That being true, neither the trial court nor this court could accept appellee's petition as proof of its own allegations 'in this plea of privilege hearing. Lopez v. Cantu, Tex.Civ.App., 130 S.W.2d 345, at page 347. Nor was the testimony of appellee's manager and its salesman sufficient to establish the authenticity of the invoices, so far as appellant Goldfarb is concerned. Especially is this true since appellee neither pled nor proved estoppel or fraud.

Appellee contends that it was not necessary to establish that the invoices were signed by the purchaser or any duly authorized agent, the invoice of appellee with appellee's name on it being sufficient to constitute a contract in writing. In support of this proposition appellee cites us the cases of Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215; Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265; Gilmore v. Transit Grain, etc., Tex.Civ.App., 213 S.W.2d 880; Vinson v. Horton, Tex. Civ.App., 207 S.W.2d 432; Dickinson v. Carter, Tex.Civ.App., 246 S.W. 739; and Peoples Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co., Tex.Civ.App., 182 S.W. 1163.

■ We think the holdings in the cases cited by appellee are not applicable to the facts in the case at bar. In each of the cited cases the parties had undoubtedly entered into a contract. It was held that the contracts were in writing. And having by his acts or conduct accepted the merchandise, or authorized an acceptance, or adopted the contract, the purchaser was liable on the grounds of estoppel, or agency or adoption. In the case at bar appellant Goldfarb in effect denies that there was any contract at all so far as he was concerned, for the reason that he was not the owner of the business at the time the merchandise was ordered and delivered to Uptown Package Store. This presents an entirely different fact situation from that presented in the cases cited by appellee. In the absence of any pleading or proof of estoppel or fraud or adoption, and in the absence of sufficient proof that the merchandise was

ordered, or received by appellant or any agent of his, we think appellee has failed to make out its venue case against appellant.

Appellee also says that appellant's sale of his business to R. D. Carter was in violation of Arts. 666–17(11), (22), (23), and (25) of the Penal Code and Rule and Regulation 9A–(1) of the Texas Liquor Control Board, hence was invalid, and constitutes no defense for appellant. We make no comment as to whether the question may become material at a trial on the merits. We do say, though, that it is not material to our decision as to whether appellee has brought itself within the venue provision of Art. 1995, subd. 5, V.A.C.S. So far as the issue of venue is concerned, the burden was on appellee to prove that the merchandise in question was ordered and received by appellant pursuant to the terms of the written invoices providing for payment in Dallas. Proof that appellant in his sale to Carter did not comply with the law, is not proof that appellant ordered and received the merchandise pursuant to the terms of the written invoices.

Appellee further asserts that appellant's sale of his business was in violation of the bulk sales law, Art. 4001, V.A.C.S. The bulk sales law places the duty of notification upon the purchaser, not the seller. It makes the purchaser accountable for debts existing at the time of the sale if the purchaser fails to comply with the law. We do not think the statute is material to a determination of the issues raised in this case with reference to appellant, who was the seller of the business.

Appellant's points on appeal are sustained.

The judgment of the trial court is reversed and the cause remanded to the trial court for further hearing on appellant's plea of privilege.