**CLYDE YARBROUGH, Inc., Appellant,**

v.

**BROWNING–FERRIS MACHINERY COMPANY, Appellee.**

**No. 3306.**

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1955.

McDonald & Shafer, Odessa, for appellant.

David A. Witts, John M. Hamilton, Robert Lee Guthrie, Dallas, for appellee.

TIREY, Justice.

This is an appeal by Clyde Yarbrough, Inc., from an order overruling its plea of privilege to be sued in the District Court of Ector County, the county of its residence. Trial was had without the aid of a jury and there was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on five points. They are substantially: (1, 2 and 3) the court erred in overruling appellant's plea of privilege because there was no evidence that appellant had ordered, received or accepted the merchandise listed in the account, and there was no evidence that appellee sold or delivered the merchandise in question, and there was no evidence about the items of merchandise in the account; (4 and 5) the court erred in overruling the plea of privilege because there was no competent evidence that appellant ever agreed in writing to pay appellee anything, anywhere, or at any time and there is no competent evidence that appellant ever made an agreement, written or oral, express or implied, to purchase or pay for a single item of the listed merchandise in the account anywhere or at any time, much less in Dallas County.

A statement is necessary. Plaintiff went to trial on its original petition. This petition alleged substantially that it was a corporation with its principal place of business located in Dallas, Dallas County, Texas; that Clyde Yarbrough, Inc., is a corporation with its principal place of business in Odessa, Ector County, Texas. The petition then states:

"Heretofore, on the date set out in an account attached hereto and marked Exhibit 'A' and the affidavit verifying such account, marked 'B', and incorporated in this petition for all purposes, the plaintiff sold to the defendant in the usual and ordinary course of business the items of goods, wares and merchandise listed in said Exhibit 'A'. The defendant promised to pay therefor the price charged as set forth in Exhibit 'A' on the first of the month following delivery of such items. In the alternative, if the defendant did not specifically agree to pay the prices charged, it did agree to pay the usual and customary prices, and the prices listed on said Exhibit 'A' are the usual and customary prices. At the time of the sale and delivery of the merchandise it was reasonably worth the sums of money charged therefor."

Attached to the original petition is the itemized list referred to in the pleading. We quote this account in full:

"Invoice

Browning-Ferris Machinery Co.
The Largest Contractors
Equipment Company in the South
305 Exposition Ave.
Dallas 1, Texas

Date 9–25–53

Charge to Clyde Yarbrough      Refer to invoice D38352
  at Odessa, Texas .              6–5–53
                                             Order Entered

Shipped to   Do                 Your Order No.
  at         Do                 JOB–1817
  F. O. B.                     Our Order No.
                                              Shipped Via

Terms: Net Cash

| Quantity | Parts No. | Description | Unit Price | Amount |
|---|---|---|---|---|

Repaired Hughes Keenan Crane Damaged By Striking Underpass, Work Done By Alvin Hall Machy. Co.

| Quantity | Parts No. | Description | Unit Price | Amount |
|---|---|---|---|---|
|  |  | Labor |  | 28.00 |
| 1 | C–117 | Gear |  | 15.00 |
| 1 | C–2839X | Housing |  | 150.00 |
| 1 | C–3415H | Mart |  | 60.00 |
| 1 | C–3433 | Spacer |  | 1.00 |
| 1 | C–312 | Drum |  | 17.00 |
| 1 | C–3432 | Shaft |  | 14.00 |
| 1 | C–2817 | Spacer |  | 1.00 |
| 1 | C–104 | Gear |  | 44.00 |
| 1 | C–2808X | Housing |  | 65.00 |
| 1 | P–12C | Key |  | .15 |
| 1 | C–181 | Bushing |  | 1.40 |
| 1 | P–12A | Key |  | .15 |
| 2 | C–112 | Gear | 18.70 | 37.40 |
| 2 | C–122 | Clutch | 14.00 | 28.00 |
| 1 | C–102A | Worm Gear |  | 68.00 |
| 4 | C–187 | Bushing | 2.80 | 11.20 |
| 1 | C–189 | Bushing |  | 2.24 |
| 2 | C–2814B | Washer | 1.60 | 3.20 |
| 1 | C–2818 | Bushing |  | 2.24 |
| 2 | C–2819 | Bushing | 2.24 | 4.48 |
| 2 | C–2828 | Springs | 2.40 | 4.80 |
| 3 | C–2829 | Bearings | 6.64 | 19.92 |
| 1 | C–2977 | Shaft |  | 26.00 |
| 1 | C–3017 | Gasket |  | 1.20 |
| 1 | C–4597 | Bull Gear |  | 144.00 |
|  |  | Rebuilt TD–14 Tractor w/Model MCK Crane |  | 491.50 |
|  |  | Freight Charges | 8.62 | 8.62 |
|  |  | Miles Traveled |  | 4.95 |
|  |  |  |  | 1254.45" |

We think it is pertinent to remark here that the account listed shows that it was charged to Clyde Yarbrough and not to Clyde Yarbrough, Inc., the party sued.

Defendant Clyde Yarbrough, Inc., seasonably filed its plea of privilege on November 10th in statutory form and duly verified on the same date, and subject to its plea of privilege it filed its original answer, which consisted in part:

"Defendant denies:

"(a) that the plaintiff sold to the defendant in the usual and ordinary course of business the items of goods, wares and merchandise listed in Exhibit A attached to and incorporated in plaintiff's original petition;

"(b) that the defendant promised to pay therefor the price charged as set forth in Exhibit A on the first of the month following delivery of such items;

"(c) that such items were ever delivered to defendant;

"(d) that the defendant ever agreed to pay the usual and customary prices or that the defendant ever agreed to pay any price for any of such items listed on Exhibit A;

"(e) that the items specified in said Exhibit A were ever sold or delivered to this defendant;

"(f) that the account as shown by plaintiff's exhibit is just or true in whole or in part."

Defendant made the statutory affidavit to the facts contained in paragraph 1 of its original answer quoted.

Plaintiff in its controverting affidavit alleged:

"This suit is brought upon a contract between plaintiff and defendant in which plaintiff contracted and agreed to perform an obligation in Dallas County, Texas, by delivering to a common carrier those goods, wares and merchandise ordered by defendant.

Said contract is a part of plaintiff's original petition, and said contract and agreement are expressly made a part of this controverting plea, and being hereby adopted and incorporated herein in its entirety.

"This court has venue of this cause of action under the provisions of Art. 1995 of the Rev. Civil Stats. of Texas [Vernon's Ann.Civ.St. art. 1995], in that the contracts herein made by transmission of letters and telephone calls from defendant to plaintiff at plaintiff's place of business in Dallas County, Texas; and the offers of defendant were accepted by plaintiff in Dallas County, and that all invoices representing merchandise delivered were received by the defendant who accepted delivery of such merchandise delivered were received by the defendant who accpted delivery of such merchandise and raised no question about the terms, prices and conditions set forth in the respective invoices, thereby accepting, acquiescing and assenting to the terms of the contract to pay for the merchandise in Dallas County, Texas, thereby establishing venue of this cause in this county.

"All payments due under the contract between plaintiff and defendant were due and payable in Dallas County. The defendant contracted to make payment of the obligation in Dallas County, so that plaintiff is entitled to maintain venue of its cause of action in Dallas County.

"It was understood and agreed between plaintiff and defendant that all sums of money to be paid under the contract were to be paid to the plaintiff in Dallas County, which agreement became a part of the contract between the parties, so that venue should be sustained in Dallas County.

"Defendant Clyde Yarbrough, Inc., by its acts, conduct and payments has affirmatively waived all right, if any, it ever had to assert a plea of privilege in this cause."

It verified its controverting affidavit.

It is our view that the case here before us comes squarely within the rule announced by our Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, points 1, 2, 3. The rule there stated is:

"It is well settled that 'with the venue challenged, under proper plea, by one sued without his county, * * the burden not only to allege but to prove that the case is within one of the exceptions to the statutes rests on the plaintiff.' (Citing many cases.) Some of the decisions last cited announce the same rule as that quoted, but more exactly, by stating that the plaintiff, to defeat the plea of privilege, must both plead and prove the facts relied upon to bring the case within one of the exceptions. Obviously, the facts so referred to are the 'facts relied upon to confer venue of such cause on the court where the cause is pending' * * *."

In Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, 393, we find this statement by our Supreme Court: "The statute puts the burden on the plaintiff to plead in his controverting plea and to prove the facts which will sustain the venue in the court where the suit was filed."

█ In the case at bar we find plaintiff's pleading in one instance relying upon a contract that is not proved; in the other instance he relies on an open account against Clyde Yarbrough, who is not sued. Needless to say the filing of the plea of privilege in this cause established appel-

lant's prima facie right to have the suit transferred to Ector County and placed the burden of proof on appellee to refute such prima facie right. See Rule 86, Texas Rules of Civil Procedure; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947, and authorities there cited; also Keystone-Fleming Transport, Inc., v. City of Tahoka, Tex.Civ.App., 277 S.W.2d 202, points 1–2, at page 206, and authorities there cited (writ dis.). See also Goldfarb v. Glazer's Wholesale Drug Co., Tex.Civ.App., 274 S.W.2d 460 (no writ history); Earnest & Co. v. Word, Tex.Com.App., 137 Tex. 16, 152 S.W.2d 325; Patterson v. Dunigan Tool & Supply Co., Tex.Civ.App., 143 S.W.2d 802 (no writ history).

█ Our courts have uniformly held that the exceptions to Art. 1995, supra, must be strictly construed and firmly established before a citizen can be deprived of his right to be sued in the county of his domicile. See National Life Co. v. Rice, Tex.Com.App., 140 Tex. 315, 167 S.W.2d 1021, point 10, at page 1025.

The verified account attached to the plaintiff's original petition is against Clyde Yarbrough and not against Clyde Yarbrough, Inc., the party sued, and there is neither pleading nor proof that Clyde Yarbrough, Inc., defendant, assumed or agreed to pay the debt listed against Clyde Yarbrough. The account sued on, which is attached to the plaintiff's original petition, is dated at the top "9–25–53" and then follows, "Charge to Clyde Yarbrough at Odessa, Texas, Refer to Invoice D38352, Order Entered." Reading further down the account we find:

"Quantity    Parts No.    Description    Unit    Price    Amount
"Repaired Hughes Keenan Crane Damaged By Striking Underpass, Work Done By Alvin Hall Machy. Co."

Under the foregoing we find 25 different items which we assume to be shown on certain invoices opposite each item, but there is no date on the invoices and no evidence tendered to show the date or dates these repairs were made. The itemized statement as we view it shows only the items

and the cost thereof plus the labor charged by the Alvin Hall Machinery Company in the repair of the damaged crane, and, as above stated, it is charged to Clyde Yarbrough, who was not sued. We think it pertinent to remark here that there is no allegation in the original petition to the

effect that plaintiff sold and delivered to the defendant the crane in question and that it negligently injured it by running into an overpass and that it was necessary for it to have repairs made upon the same and that such repairs were reasonable and necessary.

Going back to the affidavit to the account we find that W. E. Dilworth, who made affidavit to the account, stated that "he has knowledge of the facts herein set forth and is duly authorized to make this affidavit; that the annexed account of said corporation, hereinafter called 'claimant' against Clyde Yarbrough of Odessa, Texas, hereinafter called 'debtor' is within the knowledge of affiant just, true and correct, and that there is now due from said debtor the sum of $1,254.45, with interest at six per cent per annum from January 1st, and that all just and lawful offsets, payments and credits have been allowed." In plaintiff's controverting plea we find this allegation: "This court has venue of this cause of action under the provisions of Art. 1995 of the Rev. Civil Stats. of Texas, in that the contracts herein made by transmission of letters and telephone calls from defendant to plaintiff at plaintiff's place of business in Dallas County, Texas, and the offers of defendant were accepted by plaintiff in Dallas County, and that all invoices representing merchandise delivered were received by the defendant who accepted delivery of such merchandise delivered were received by the defendant who accepted delivery of such merchandise and raised no question about the terms, prices and conditions set forth in the respective invoices, thereby accepting, acquiescing and assenting to the terms of the contract to pay for the merchandise in Dallas County, Texas, thereby establishing venue of this cause in this county." We find no evidence tendered supporting the foregoing allegations. We also think it pertinent to remark that the controverting affidavit does not allege the subsection of Art. 1995, supra, on which it relies to sustain venue in Dallas County, but we assume it is subsection 5.

Moreover, in paragraph 7 of the controverting plea we find this allegation: "Reference is hereby made to plaintiff's original petition filed herein, which is hereby adopted in its entirety and the same is made a part of this controverting plea for all intents and purposes; and the allegations of such petition are true and correct."

Going back to the original petition, it is in the usual form and is a suit on an open account. As we have heretofore indicated, the open account attached to the original petition is against Clyde Yarbrough and the statements in the open account show that the account was incurred for repairs to the crane, and that the repairs were made by Alvin Hall Machinery Company and we find no proof that the parts shown in the itemized statement were delivered to Clyde Yarbrough or to Clyde Yarbrough, Inc., defendant herein. It is true that the controverting plea alleges that the suit is brought upon a contract between plaintiff and defendant in which plaintiff contracted and agreed to perform an obligation in Dallas, Dallas County, Texas, by delivering to a common carrier those goods, wares and merchandise ordered by defendant, and further says that said contract is a part of plaintiff's original petition, and said contract and agreement are expressly made a part of this controverting plea and adopted in their entirety. We find no such contract attached to the plaintiff's original petition, nor do we find such contract tendered in evidence.

Paragraph 3 of the controverting plea states substantially that all payments due under the contract between defendant and plaintiff were payable in Dallas County; that the defendant contracted to make payment of the obligation in Dallas County so that plaintiff is entitled to maintain venue of this cause of action in Dallas County. We find no such contract signed by the defendant Clyde Yarbrough, Inc. It is true that there was introduced in evidence what purported to be an order blank on the stationery of Browning-Ferris Machinery Company. This instrument was filled out by a representative of plaintiff and he testified that he signed it after

talking over the telephone with Clyde Yarbrough, but there is no evidence that such representative read the contract over the telephone to Clyde Yarbrough, or that Clyde Yarbrough authorized him to sign his name to the contract, nor is there any testimony in the record as to what authority Clyde Yarbrough had, if any, with the defendant corporation. The instrument has on it and is signed "telephone order by Clyde Yarbrough." This instrument is in part as follows:

"Vendor
Browning-Ferris Machinery Company
The Largest Contractors
Equipment Company in the South
Guaranteed Contractors Equipment

Order No.                                Dallas, Texas 3–18   1953
Charge to Clyde Yarborough Inc.
P. O. Address            City   Odessa            State   Texas
Ship To              Will Call
Station              Same        County       State
Via     His Truck       Terms       Rental at $850.00 per month
     (90 days guaranteed)             purchase option and interest
                                               Price F. O. B. Dallas

1–1HC TD–14 Tractor, 74″ tread, Ser. No.
     20070   Motor No. 20333   Complete
     w/Hughes Keenan Crane
     Reconditioned                        $8000.00

"1. Title to goods furnished on this order remain vested in vendor until the stipulated price thereof and all other indebtedness, present and future, are paid for in full in cash; it is agreed that the property above described shall remain personal property and shall not be affixed to nor become a part of real estate.

"2. Retention of any property shipped under this agreement after five days from arrival at destination shall constitute an acceptance of same.

"3. Vendee agrees to pay an additional 10% if account has to be placed in hands of an attorney or collecting agency after date of maturity.

"4. Vendor is not to be held liable for accident or for delays caused by fires, strikes, accidents or other causes beyond its control.

"5. All conditions of this agreement are written and printed hereon, and no verbal agreements, warranties or modifications whatsoever shall be binding.

"6. It is further covenanted and agreed that in addition to the indebtedness hereinbefore described, the mortgage hereby established shall be and is for the security of all other indebtedness to vendor, now owed or which may hereafter be incurred by vendee as though specifically set out herein.

"7. In case default be made in the payment of any sums provided by this contract, or any renewals of any sums provided by this contract, or if said mortgagee shall at any time deem said mortgagor, said chattels, said debt provided herein or said security unsafe or insecure, then upon the happenings of said contingencies, or any of them, the amount herein secured and remaining unpaid is by said mortgagor, admitted to be due and payable, and said mortgagee may, at said mortgagee's option (notice of which option is hereby expressly waived) foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods

and chattels may be, and remove and sell the same and all equity of redemption of the mortgagor therein, either at public auction or private sale with or without notice to the mortgagor at Dallas, Texas, or elsewhere without demand for performance and out of the proceeds of said sale pay the cost of foreclosing this mortgage, and the expense pursuing, taking, keeping, advertising and selling said goods and chattels, including a reasonable attorney's fee, and apply the residue thereof toward the payment of said indebtedness or any part thereof in such manner as said mortgagee may elect, rendering the surplus, if any, unto said mortgagor, his executors, administrators and assigns upon demand.

"8. It is further covenanted and agreed that all rights, remedies and relief and all claims, causes of action or complaints, accruing or to accrue, to or by, for, or against either of the parties or the party to this contract, from any cause or by reason of any breach or any failure of either party to comply with this, or any part of this, as well as all payments to be made under or in pursuance of this contract, shall be and are hereby made performable and recoverable in Dallas, Dallas County, Texas.

"9. This contract is conditioned upon written acceptance by an officer of the vendor and shall become binding upon both parties at the moment of such written acceptance without notice to vendee.

"B. O. Williams, Witness Signature Tel. Order by for W. C. Dearth Witness of Vendee Clyde Yarborough"

On the face of the instrument we find "Cancelled 8–9–53 E/G". The record wholly fails to show that Clyde Yarbrough ever saw this written instrument or that he authorized the agent of Browning-Ferris Machinery Company to sign the contract for him.

 Under the record here made, the trial court's judgment must be reversed, and we see no reason to remand it. Accordingly, the judgment of the trial court is reversed and rendered and the cause transferred to the District Court of Ector County, the county of defendant's residence.