**TEXAN MEAT COMPANY, Appellant,**

v.

**Bob INNESS, dba Bob Inness Co., Appellee.**

No. 15320.

Court of Civil Appeals of Texas.

Dallas.

Nov. 29, 1957.

Rehearing Denied Jan. 10, 1958.

Rankin, Cherry & Martinez, Edinburg, Dillard & Roberts, Dallas, for appellant.

William L. Richards, Dallas, for appellee.

YOUNG, Justice.

This is a venue case. Appellee's initial suit was on sworn account for $358.79; in amended petition and alternative count, suing defendant for damages as a common carrier of freight. To the actions, defendant, a Texas corporation, interposed plea of privilege to be sued in the county of its domicile and principle office—Bexar County. Plaintiff's controverting affidavit, duly filed, was permittedly amended, relying for venue on exceptions 5, 23 and 24, Art. 1995, Vernon's Ann.Civ.St. Upon hearing and order entered March 18, 1957, the plea was overruled with timely appeal.

Plaintiff is a Dallas produce broker; alleging in amended original petition that on or about May 29, 1956 defendant had agreed to transport for hire a truck load of potatoes from Edison, California to concerns at Waco and Temple, Texas; that said truck had broken down en route, the driver telephoning from Wickenburg, Arizona to both plaintiff and defendant's manager Houseman at San Antonio of the occurrence; that said Houseman, being unable to secure a substitute truck, requested the assistance of plaintiff in such respect, promising to protect the latter against all damage and expense. That a motor vehicle of American Trucking Company was thereby engaged to take over the potatoes and deliver them to destinations; that in the meanwhile plaintiff had sent to defendant's driver the sum of $30 for icing, which the driver failed to do, the potatoes arriving in damaged condition, purchasers refusing to accept, whereupon Houseman advised plaintiff to adjust the matter with consignees; promising to protect plaintiff for losses incurred. Negligent acts and omissions were alleged as chargeable to defendant, resulting in plaintiff's damage of $939.68 on which defendant is entitled to credit of $580.89, leaving balance due of $358.79.

The trial testimony was from Plaintiff and Griffin, another truck broker, defendant offering no evidence. And after overruling of plea defendant requested findings of fact and conclusions of law; the court finding in effect that a cause of action had been established, with defendant sueable in Dallas County as a common carrier for hire, doing business in said county. No testimony appears to have been offered by plaintiff relative to exceptions 5 and 23; and defendant argues primarily a total insufficiency of evidence under the record to establish (1) a cause of action against it, or (2) the transaction of any business in Dallas County within purview of exception 24.

Subsection 24, Art. 1995, V.A.C.S., provides: "Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers * * * operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative." Relevant to the quoted exception, it is held in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, that "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, *are those which are stated in the particular exception of article 1995* that is applicable or appropriate to the character of suit alleged in plaintiff's petition." (Emphasis ours.)

Appellant first assails the court's judgment as predicated on facts not in evidence. The findings of fact so challenged need not be further noticed on this appeal in view of a statutory statement of facts on file. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156. In the same connection it is argued that plaintiff has failed to establish a cause of action against defendant, which contention is overruled. A prima facie showing of injury or damage, in our opinion, has been made; even

assuming that the establishment of a cause of action be an essential element of the particular exception, which we doubt. Union Bus Lines v. Young, Tex.Civ.App., 194 S.W.2d 779.

■ Also complained of as error is the trial court's conclusion that defendant was a common carrier of freight in the situation at hand, doing business in Dallas County. The settled rule in this State is that as regards exception 24, "all persons who transport goods from place to place for hire, for such persons as see fit to employ them, whether usually or occasionally, whether as a principal or incidental occupation, are common carriers, and incur all their responsibilities." Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428, 431. Plaintiff has here offered no direct proof that defendant was an authorized common carrier motor carrier (such as a certificate from the Raiload Commission, Art. 911b, V.A.C.S.). Notwithstanding this, under the testimony and inferences reasonably deductible therefrom, there was proof, at least prima facie, that defendant occupied such status at time of the hauling in question. Defendant Company offered no testimony. "Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force. * * * But this rule has no application until the plaintiff has made out a prima facie case against the defendant * * *." 17 Tex.Jur., sec. 87, pp. 306, 307.

■ But does the record tend to establish that defendant was doing business in Dallas County on the material date of May 29, 1956 as alleged? We think not. What constitutes "doing business" by a corpora-

tion in a particular locality within contemplation of subd. 24, Art. 1995, has been defined in Mayhew v. McFarland, supra, as "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts." (Quoting from Restatement of the Law, Conflict of Laws, p. 24, sec. 167a).

The only testimony bearing on the issue was elicited from plaintiff's witness Griffin, whose services he had requested in obtaining a replacement for defendant's disabled truck, viz.:

"Q. * * * I will ask you on or about the 29th of May, 1956, were you asked to find a truck to bring in this truck load of potatoes—the potatoes from this broken-down truck in Wickenburg, Arizona? A. Yes, sir, I was.

"Q. Did you talk to Mr. Houseman on that day? A. Yes, sir, I did.

"Q. The general manager of the Texas Meat Company? A. Yes, sir.

"Q. You understood that to be his position? A. Yes, sir, I did.

"Q. Did he ask you to try to find a truck? A. Yes, sir, he asked me to try to secure a truck for him.

"Q. Did you find the truck for him? A. Yes, sir, I did.

"Q. Did he tell you anything about pay for that truck? A. Yes, sir. He said if we would secure a truck, why, he would stand behind the payment of the truck to deliver their potatoes.

"Q. You understood you were going to get your money from Mr. Houseman, did you not? A. That's right, yes.

"Q. How long have you been a truck broker in Dallas? A. Since 1951.

"Q. About five or six years now? A. Five or six years.

"Q. *In that period has it come through your office, to your knowledge, that Texas Meat Company trucks, either the ones they own or lease, have been in and out of Dallas County? A. The leased trucks have, yes, sir.*

"Q. *On a number of occasions, have they not? A. Yes, sir.*" (Emphasis ours.)

Appellee relies upon above emphasized testimony as an instance of "doing business" by defendant in said County. Such proof is deeemed insufficient, bearing in mind that all exceptions to the venue statute must be strictly construed and firmly established before a citizen can be deprived of his right to be sued in the county of his domicile. Clyde Yarbrough, Inc., v. Browning-Ferris Machinery Co., Tex.Civ.App., 284 S.W.2d 225. There was no evidence offered as to whether defendant's truck had either picked up or made delivery of goods in Dallas County as a common carrier; such testimony being equally susceptible of the inference that defendant's trucks had merely passed through the particular locality en route to other destinations. In appellant's cited case of Mayhew v. McFarland, supra, venue was properly laid in Parker County, the shipment having originated there. And even the sporadic delivery of goods by a motor carrier in a county has been held not to constitute a doing of business in such county. Austin Fireproof Warehouse Transfer Co. v. Faltinson, Tex.Civ.App., 144 S.W.2d 905.

Lastly, appellee makes the point that the rule of connecting carriers is here involved, in that American Trucking Company had taken over the job of transporting the potatoes to destinations; and that, under the principle of Nation v. San Antonio Southern Ry. Co., 115 Tex. 431, 283 S.W. 157 (Construing exception 24), a shipper, despite the plea of privilege of the initial carrier, may maintain a suit for property damage against it as sole defendant in the county where the connecting carrier has an office or representative, or operates its lines. Again we doubt if the rule laid down in Nation v. San Antonio Southern Railway Co., supra, is in any wise applicable to the facts at hand; but if so, there is no evidence whatever that such substitute carrier had an agency in Dallas County or there operated its lines.

An earlier hearing of the plea of privilege was had on February 20; the court announcing that the plea would be overruled, but entering no order to such effect. This ruling had been withdrawn by the court, obviously to allow plaintiff an opportunity to amend his controverting affidavit; the order here appealed from relating to an overruling of plea on subsequent hearing of March 18, 1957. Defendant complains of the court's method of procedure in such connection, which point requires no discussion in view of another trial. However it is well settled that a controverting affidavit is amendable; Maucini v. Haymes, Tex.Civ.App., 231 S.W.2d 757; and, until his power expires, Rule 329(a), Texas Rules of Civil Procedure, the court may on his own motion or on the motion of either party, with or without good reason, vacate, modify, correct or reopen the judgment. See 4 McDonald, Texas Civil Practice 1421, Sec. 18.03; Gulf C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613.

The cause is accordingly reversed and remanded to the trial court. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593.