NO. 07-10-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 17, 2010

_____


CONNER CHASE HILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18857-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**MEMORANDUM OPINION**


After revoking the deferred adjudication community supervision of appellant Conner Chase Hill, the trial court adjudicated him guilty of indecency with a child by contact[1] and sentenced him to twenty years in prison. Through two issues, appellant contends the trial court abused its discretion by revoking his community supervision and he received ineffective assistance of counsel at trial. Disagreeing, we will affirm the judgment of the trial court.

---

[1]Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2010).

## Background

In January 2007, appellant was charged by a two-count indictment with aggravated sexual assault and indecency with a child. In August 2007, appellant plead guilty to indecency with a child by contact. The trial court rendered an order deferring adjudication, placed appellant on community supervision for a term of seven years, and imposed a $750 fine.

The State filed a motion to revoke community supervision in November 2009, alleging appellant violated a condition of community supervision by not successfully completing a required sex offender treatment program. Appellant plead "not true" to the alleged violation of community supervision. After hearing testimony on the revocation ground, the trial court revoked appellant's community supervision and sentenced him to twenty years confinement. This appeal followed.

## Analysis

By his first issue, appellant argues the trial court abused its discretion in finding he violated the terms of his community supervision order. In his second issue, appellant asserts his trial counsel failed to invoke Rule of Evidence 614 and, therefore, rendered ineffective legal assistance.

*Revocation of Community Supervision*

A community supervision revocation proceeding is neither a criminal nor a civil trial, but an administrative proceeding. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State bears the burden of proving a violation of community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763

2

(Tex.Crim.App. 2006). "'Preponderance of the evidence' has been defined as the greater weight and degree of credible testimony." *In re T.R.S.,* 115 S.W.3d 318, 320 (Tex.App.--Texarkana 2003, no pet.) (citing *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 95 (1935)). Evidence supporting a finding the defendant violated even one condition of community supervision is ground for revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex.Crim.App. 1980). We review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). We will reverse an order of revocation only if the trial court abused its discretion. *Rickels,* 202 S.W.3d at 763. A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667 (Tex.Crim.App. 1992); *Wilkins v. State,* 279 S.W.3d 701, 703-704 (Tex.App.--Amarillo 2007, no pet.).

The State grounded its motion to revoke community supervision solely on the alleged failure of appellant to attend and successfully complete the sex offender treatment program. The substance of appellant's complaint on appeal is the evidence supporting revocation of community supervision was insufficient.

At the hearing, the State presented the testimony of appellant's therapist, Sonia Higgins. Higgins stated she is a licensed professional counselor and a licensed sex offender treatment provider. Higgins's firm contracts with Randall County for treatment of sex offenders. Higgins explained that adult sex offender treatment is through group therapy and occasional individual therapy. Treatment generally spans the period of community supervision. A participant in sex offender treatment is expected, among

3

other things, to regularly attend group sessions, participate in the group, abstain from contact with minor children, and report any sexual contacts to the group.

According to Higgins, when appellant began therapy he was "pleasant, tearful, and related that he wanted to get better." Higgins added that during the initial six months of treatment appellant "did well." She described him at that time as "an adult male who was working the system."

But Higgins observed a change in appellant. She found his behavior and attitude toward treatment became more reticent near the end of 2008 and the beginning of 2009. He was evasive and very short with responses. He did not accept feedback, responding with expressions like "'I don't know why you keep saying that to me'" and "'I don't want to talk about it anymore.'" Higgins explained a primary purpose of treatment is victim empathy. Initially she found appellant remorseful but was later uncertain if he understood victim empathy. After an April 2009 monitoring polygraph, appellant acknowledged he was sexually assaulted by a male state trooper. He had not previously disclosed this sexual contact during group sessions. Appellant also encountered children at church and work. These encounters, Higgins concluded, violated his treatment rules and community supervision rules. Higgins believed appellant left unanswered questions raised by monitoring polygraph examinations. Ultimately Higgins terminated appellant from the program. She agreed his termination was for noncompliance. On cross-examination, she explained her prior testimony meant appellant was terminated because he was a danger to the community. At times during her testimony, Higgins stated appellant "was not working his treatment."

4

To establish a violation of community supervision, the State also presented the testimony of appellant's probation officer. In his defense, appellant testified as did his mother and a pastor.

The weight and credibility assigned any reason appellant offered for a change in group participation, such as the alleged sexual assault by a state trooper, were exclusively for the trial court as fact finder. *Antwine v. State,* 268 S.W.3d 634, 636 (Tex.App.--Eastland 2008, pet ref'd) (citing *Cardona,* 665 S.W.2d at 493) (trial court is sole judge of credibility of witnesses and weight assigned their testimony)). The trial court was free to believe some testimony while disbelieving other testimony. *See Lancon v. State,* 253 S.W.3d 699, 707 (Tex.Crim.App. 2008) (discussing jury as fact finder).

When viewed in the light most favorable to the trial court's determination, we conclude the evidence sufficiently established as a condition of community supervision appellant was required to comply with the directives of the sex offender treatment program, he did not, and as a result of noncompliance was terminated from the program. Appellant presents his reasons he should not have been terminated from the program, but does not dispute the evidence he was terminated. We find the trial court did not abuse its discretion by revoking appellant's community supervision, and overrule his first issue.

*Ineffective Assistance of Counsel*

By his second issue, appellant argues he was denied effective assistance of counsel at the revocation hearing because his trial counsel did not request exclusion of witnesses from the proceeding by invoking Rule of Evidence 614.[2]

*Strickland v. Washington* is the seminal case setting forth the standard for ineffective assistance of counsel claims under the United States Constitution. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires an appellant demonstrate (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at 687, 104 S.Ct. at 2064. *See also Hernandez v. State,* 726 S.W.2d 53, 54-55 (Tex.Crim.App. 1986) (applying *Strickland* standard under Texas constitution).

The first prong of the *Strickland* test requires an appellant prove that counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2064. Appellant must show

---

[2] Tex. R. Evid. provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of : (1) a party who is a natural person or in civil cases the spouse of such natural person; (2) an officer or employee of a party in a civil case or a defendant in a criminal case that is not a natural person designated as its representative by its attorney; (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause; or (4) the victim in a criminal case, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.

that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. The second *Strickland* prong requires an appellant "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

An appellant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Mitchell,* 68 S.W.3d at 642. Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *see Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999). In the majority of cases, the record on direct appeal is inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App. 2003) ("[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). Thus, the better course is to pursue the claim in habeas proceedings. *Mitchell,* 68 S.W.3d at 642. Absent

evidence of counsel's reasons for the challenged conduct, we will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

Appellant directs his argument at the second *Strickland* prong. He asserts that because trial counsel did not invoke Rule 614 Higgins remained in the courtroom throughout the proceeding and was improperly influenced by the testimony of other witnesses. In support, he points to her testimony that, "[hearing the other witnesses] help[ed] her believe that [she] might have made a correct decision." Appellant further alleges allowing the parents of a prior victim to remain in the courtroom while their son testified improperly influenced their testimony and rendered effective cross-examination "virtually impossible." As evidence of harm from this testimony, untested by vigorous cross-examination, appellant points to the court's imposition of the maximum sentence of incarceration.

The record shows that several times during examination of witnesses appellant's counsel asked if the witness heard the testimony of previous witnesses. We note that the State also did not invoke Rule 614, hence defense witnesses remained in the courtroom and heard the testimony of other witnesses, including Higgins and appellant's probation officer. The State urges that counsel intentionally could have exposed defense witnesses to this testimony to assist presentation of appellant's response to the State's case. We agree with the State that doing so could have been the defense's strategy, but the record is silent as to counsel's actual reason for not invoking Rule 614.

8

Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson,* 9 S.W.3d at 813. Trial counsel ordinarily should be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander,* 101 S.W.3d at 111. On this record, appellant has not overcome the presumption that trial counsel made the decision not to invoke Rule 614 in the exercise of reasonable professional judgment. Appellant thus has not met the first prong of the *Strickland* test.[3] Accordingly, we overrule appellant's second issue, and affirm his conviction and sentence.

James T. Campbell
Justice

Do not publish.

---

[3] We need not examine both *Strickland* prongs if one cannot be met. *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.--Texarkana 2004, no pet.) (citing *Strickland,* 466 U.S. at 697).